REBECCA J. BERKLEY v. KATE TOOTLE *et al.*

**No. 11,856.**   (64 Pac. 620.)

1. REVIVOR—*Jurisdiction.* An order purporting to revive a judgment, made by a judge who has no authority to entertain the application or grant the order, is a nullity, and the judgment will stand as though no step had been taken or order made.

2. —————— *Limitation of Action—Statute Construed.* Section 23 of the civil code (Gen. Stat. 1897, ch. 95, § 17; Gen. Stat. 1899, § 4267), which provides, among other things, that, where an action is begun in due time and fails otherwise than on the merits, the plaintiff may commence a new action within one year after such failure, has no application to revivor proceedings, and an unsuccessful attempt to obtain an order reviving a judgment does not operate to extend the time within which such an order may be made.

Error from Decatur district court ; CHAS. W. SMITH, judge.   Opinion filed April 6, 1901.   *In banc.*   Affirmed.

*Richard S. Horton,* and *J. F. Peters,* for plaintiff in error.

*Waggener, Horton & Orr,* and *Edward D. Osborn,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J. : This was a second attempt to obtain an order reviving a judgment, and was made about two years after the judgment had become dormant. The first application to revive the judgment was made within one year after dormancy and within the time allowed by statute, but it was made before a judge at chambers who had no authority to entertain the application or to order a revivor.   Being disqualified and without authority, the order which was made by him was without force and has been held to be a nul-

lity. (*Tootle v. Berkley*, 60 Kan. 446, 56 Pac. 755.) The time within which an order reviving a dormant judgment may be made without consent is one year from the time when it could have been first made. (Civil Code, §§ 432, 433, 439; Gen. Stat. 1897, ch. 95, §§ 431, 432, 438; Gen. Stat. 1899, §§ 4697, 4698, 4704; *Tefft v. Citizens' Bank*, 36 Kan. 457, 13 Pac. 783.) As the present application was made two years after it could have been first made, it was too late, unless the previous illegal attempt to obtain an order of revivor in some way extended the time prescribed in the statute. The plaintiff relies on section 23 of the civil code (Gen. Stat. 1897, ch. 95, § 17; Gen. Stat. 1899, § 4267), which provides:

"If any action be commenced within due time and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die and the cause of action survive, his representatives may commence a new action within one year after the reversal or failure."

It is argued that a proceeding to revive was begun in good time, which failed otherwise than on the merits, and that the present proceeding was brought within one year after the failure and within the time allowed in the section cited. The first attempt to revive, as we have seen, was an absolute nullity, and therefore the case stands as though no step had been taken or order made until this proceeding was begun. A proceeding in a court without jurisdiction is not an action, nor is the attempt to obtain an order of revivor before such a tribunal to be regarded as the commencement of an action.

There is a stronger reason, however, why the first

Berkley v. Tootle.

attempt to revive and its failure do not operate to extend the time. In our opinion, section 23 of the civil code has no application to proceedings in revivor, which are summary in their character and may be had before a court or judge at chambers. That section presupposes an existing right of action and places a limitation on the remedy. In the matter of a revivor there is no right to an order, nor is there power within the court or judge to make one, unless it is made within one year after it could have been first made. The limitation in section 23 refers to the commencement of actions, and fixes the time within which a party must judicially assert his claim, while the limitation on revivor relates to the power of the court and fixes a limit for the final determination of the matter and the granting of an order. The first is a limitation on the remedy, while the second operates as a condition on the right itself, and, if a party fails to bring himself within the condition, the right to a revivor does not exist and there is no power in the court to revive the dormant judgment.

We conclude that the restrictions on revivor are not to be regarded as ordinary statutes of limitation, and that section 23 of the code has no application to revivor proceedings.

The ruling of the district court refusing the order will be affirmed.