CHRISTIAN STEINBACH. v. PATRICK MURPHY *et al.*

No. 13,831.   (78 Pac. 823.)

SYLLABUS BY THE COURT.

1. REVIVOR OF ACTION—*Statute Construed.*   The statute fixing one year as the time within which an action may be revived against the representatives or successor of a deceased defendant (Gen. Stat. 1901, § 4883) is not a mere limitation upon a remedy, but it conditions the very right to revive; and a party seeking to avail himself of its benefits must strictly comply with its terms.

2. ———— *Limitation—Inexcusable Delay.*   The fact that a district court, eight months after the time when an order reviving an action against the representatives or successor of a deceased defendant first could have been made, erroneously decided that it had no jurisdiction of the cause will not excuse a failure to

revive within one year, when no attempt was made to procure an order of revivor before the jurisdiction question was determined.

Error from Crawford district court; WALTER L. SIMONS, judge. Opinion filed December 1, 1904. Affirmed.

*Thomas Dolan*, *W. S. Norton*, and *Charles S. McDonald*, for plaintiff in error.

*R. W. Blue*, *Edward E. Sapp*, and *Sapp & Wilson*, for defendants in error.

The opinion of the court was delivered by

BURCH, J. : The parties to an action in a district court agreed to transfer the cause to a court of common pleas which, in fact, had no legal existence because the law creating it had not been complied with. While the cause was supposedly pending in the common pleas court one of the defendants died. Two months later the plaintiff filed a motion in the district court for a redocketing of the case there. After the expiration of six months from the time it was filed this motion was denied. Sixteen months after the motion to redocket was denied a peremptory writ of mandamus was awarded requiring the district judge to enter the case upon the docket, and to proceed to hear and determine it. When six months more had elapsed a motion was made to revive the action against the heirs and representatives of the deceased defendant. This motion remained pending for two months, when the court denied it. No evidence in opposition to the motion was introduced, and the question now presented is whether, conceding the facts, sufficient cause in law was shown to defeat the motion.

Without a revivor an action abates upon the death

Steinbach v. Murphy.

of a party, and without a statute there can be no revivor.   The statute reads :

"An order to revive an action against the representatives or successor of a defendant shall not be made without the consent of such representatives or successor, unless in one year from the time it could have been first made."   (Gen. Stat. 1901, § 4883.)

This language is peremptory.   It imposes an absolute prohibition upon the granting of an order after the lapse of a year from the time when it first could have been made.   The right, by the terms of its creation, can endure but a year.   The time element is an essential constituent of the right.   When the year has expired there is no longer any right, and the status of the case is then the same as if there were no revivor statute.   Analogies from the statute of limitations are not pertinent.   That statute imposes limitations upon remedies ; the revivor statute conditions the right.   (*Berkley v. Tootle*, 62 Kan. 701, 64 Pac. 620 ; *Reaves v. Long*, 63 id. 700, 66 Pac. 1030.)   A party seeking its benefit must bring himself strictly within its terms.

The plaintiff in error insists that until the mandamus proceeding had terminated there was no time within which an order of revivor could be made, because the case was out of the district court.   This argument proceeds upon a false assumption.   The case did not leave the district court.   The agreement to transfer accomplished nothing, and the supposed removal was nugatory.   The material portions of the writ of mandamus affected the conduct of the judge. The docketing of cases is a clerical, and not a judicial, duty.   The direction that the action be entered upon the docket was formal only, and had no effect upon the status of the case, which at all times remained pending upon the docket of the district court.   There-

fore, under the statutory permission to proceed at once, the district court could have made an order reviving the action immediately after the defendant's death.

It is true that some eight months beyond the time when the action could have been revived the judge of the district court declined to acknowledge jurisdiction ; but the plaintiff did nothing within those eight months to protect his right to revive. Had he profitably employed his time, and moved to revive instead of to reinstate, he could have secured himself against an unpropitious disposition of his case. Having failed to improve his opportunities the erroneous decision of the court upon the question of jurisdiction amounted to no more than any other perverse fact working delay. The case was pending in a duly constituted court, whose action was not adversely dominated by any paramount power, and the plaintiff neglected available measures whereby he might have fortified himself against a destruction of his right by lapse of time. All statutes prescribing time limits for the institution or completion of proceedings are necessarily arbitrary, but that relating to revivor is especially unforbearing, and parties must so order their conduct that, notwithstanding disastrous circumstances, and "moving accidents by flood and field," they may comply with it. Interruptions of the flow of the allotted time cannot be permitted "from reasons based on apparent hardship or inconvenience, but must rest upon some practical impossibility to sue. They are limited in their character, and are to be admitted with great caution, and only in cases of strict necessity." (19 A. & E. Encycl. of L., 2d ed., 216.)

The judgment is affirmed.

All the Justices concurring.