THEODORE HARTZ, *Appellant*, v. E. O. FITTS, *Appellee.*.

No. 18,002.

SYLLABUS BY THE COURT.

1. MORTGAGE—*Assignment—Foreclosure Sale—Action to Quiet Title.* A mortgage on real estate was assigned on its margin to S. in 1887 by the mortgagee—a copartnership or company. In July, 1902, S., by a separate instrument, assigned to L.,. and the two assignments were shortly thereafter recorded. L. foreclosed in 1904, making the original owner and H., the holder of the fee subject to the mortgage, defendants, serving the latter by publication, and took a sheriff's deed. A member of the mortgagee firm,. after it had made an assignment for the benefit of creditors, executed to the one then holding the fee a release of the mortgage, which release was recorded in 1894,. the record failing to show a seal of the acknowledging officer. H. more than three years after the foreclosure sued a subsequent grantee of L. to quiet title. *Held,* that he is not entitled to the relief prayed for.

2. JUDICIAL SALE—*Alterations in Notice of Sale—Sale Set Aside.*. Certain erasures and changes in the notice, order of sale and order of confirmation, made after the decree to correct a. clerical error, being called to the attention of the court in which the foreclosure was had, the only penalty inflicted was to set aside the sale. *Held,* such ruling will not be disturbed..

3. REVIVOR—*Notice by Publication—Actual Notice to Local Counsel Not Required.* In reviving a judgment against a nonresident defendant the law is satisfied by publication service: and does not require, nor can the courts insist upon, actual notice to local counsel.

Appeal from Greeley district court. Opinion filed June 7, 1913. Affirmed.

*Clyde Allphin,* of Great Bend, *W. H. Russell,* and *Frank U. Russell,* both of La Crosse, for the appellant.

*W. M. Glenn,* of Tribune, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to quiet title, was refused a decree, and appeals. The material facts are that in 1887 the owner of the land in controversy executed a mortgage to John D. Knox & Company, which mortgage was assigned to Shields in October, 1887, by a writing on the margin of the original instrument. In July, 1902, Shields, by a separate instrument, assigned to W. B. Lowrance, and in August, 1902, both of these assignments were placed of record. Lowrance brought suit to foreclose, making the original owner and the present plaintiff parties defendant. A decree was rendered, an order of sale issued October 27, 1904, and a sale had December 12, 1904, Lowrance being the purchaser. January 24, 1905, the sale was confirmed. In February, 1910, the plaintiff, who was a nonresident and who had not been personally served, brought this suit against a subsequent grantee of Lowrance to quiet title. It appears that in January, 1893, John D. Knox, for John D. Knox & Company (which firm had made an assignment for the benefit of creditors in 1891), executed a satisfaction of the mortgage in question, reciting a consideration of $1 and a partial satisfaction. This instrument was filed for record February 1, 1894. There was testimony tending to show that on November 29, 1890, Shields returned the mortgage to John D. Knox for foreclosure, that the latter placed it in the hands of an attorney, Seabrook, who procured a deed from the fee owner and sent an assignment to Shields for execution, which became mislaid, and Seabrook then procured the satisfaction from Knox, the arrange-

ment, it is claimed, being that Seabrook was to hold
the land for the protection of advancements for in-
terest and taxes made by himself and Knox, and also
for Shields. A postal card from Shields to Seabrook,
dated August 1, 1892, contained an expression which
might indicate that Seabrook was to sell the property
for the benefit of all the parties then interested. It is
stated by counsel that the plaintiff purchased in 1894.
It appears that plaintiff had paid the taxes most of the
time from 1894 to 1909, and there was evidence indi-
cating possession by him through a tenant when this
suit was begun. Further, that the notice of sale in the
foreclosure suit contained a misdescription and the trial
court set the sale aside, together with the sheriff's deed,
but refused plaintiff the relief prayed for. It seems,
from statements made by counsel, that while the court
had the case under advisement a revivor of the judg-
ment was had and another sale made in which the pro-
ceedings were regular.

It is contended by the plaintiff that the foreclosure
proceedings were fraudulent and void for the reason
that the plaintiff knew that the mortgage had been
properly released and that another had been paying
taxes on the land for years, and that the release left
the mortgage without vitality so that there was nothing
to foreclose, and that the subsequent conduct with refer-
ence to changing the record and to the revivor show a
continuous scheme to defraud. However, Hartz, the
plaintiff, was made a party to the foreclosure and due
service by publication seems to have been had on him.
Being too late to apply to have the decree opened up,
he sued to quiet his title. Lowrance, taking in 1902
from Shields an assignment of a mortgage which bore
an assignment on its margin by John D. Knox & Com-
pany to Shields, made in 1887, could hardly be charged
with bad faith in ignoring a satisfaction purporting
to have been made by John D. Knox & Company in

48—89 KAN.

1893, but at any rate by making Hartz a party an opportunity was afforded for the latter to assert his own claim and contest that of the plaintiff. His non-residence was not chargeable to Lowrance, but in this case was his own misfortune. Complaint is also made that the revivor was had without actual notice to counsel for Hartz. This act may not have been characterized by that courtesy which usually marks dealings between lawyers, but this is not a forum for the censorship or control of matters merely conventional, and even if it were we hardly see how actual notice could have prevented the revivor. It is insisted that the trial court would not have granted the motion to revive had the facts been known, but we are pointed to no tenable ground for such assertion.

With commendable dignity and freedom from rancor counsel for the plaintiff call attention to erasures and changes made in the notice of sale, the return and the order of confirmation. The land correctly described as the southeast quarter was described in these three instruments as the southwest quarter, and the erasures and changes were for the purpose of conforming them to the other papers in the case. To do this after the decree, without the consent or order of the court, was entirely unjustifiable, but the trial court, after hearing all the evidence, saw fit to penalize only by setting aside the sale, thus placing the case back where it was before the notice was published.

It is variously stated in the briefs that in the foreclosure copies only of the bond and mortgage were set out; that the original mortgage with Shields' assignment to Lowrance were at court; that Knox never had the mortgage after it had been assigned to Shields, and that Knox in his deposition in this case produced the original bond but could not find the mortgage. It is also suggested that the record of the release by Knox failed to show any seal of the acknowledging officer,

thus imparting no notice, and that this record was not corrected until the beginning of this suit.

It is to be regretted that the dealings respecting the land in controversy have brought about so much confusion and embarrassment, but we see no way at this time, on the record shown by the abstracts, to afford any relief.

The judgment is therefore affirmed.