No. 28,507.

JACOB W. KORBER and JOHN SCHLEUFER, a Partnership doing business as KORBER and SCHLEUFER, *Appellees*, v. EMILY EBRIGHT WILLIS, *Appellant*.

(274 Pac. 239.)

Opinion filed February 9, 1929.

*Nelson J. Ward,* of Belleville, for the appellant.

*Frank G. Spurney,* of Belleville, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This appeal questions the validity of proceedings relied on by plaintiffs to keep alive a judgment entered in their behalf against the appellant in 1912.

The action was brought by plaintiffs to recover on certain promissory notes for the aggregate sum of $660 executed by defendants, Andrew Perry, Silas T. Perry and the present appellant Emily Ebright Willis. The two Perrys defaulted and on May 21, 1912, judgment was entered against them. Appellant appeared by counsel,

who consented that judgment might be entered holding her jointly liable with the two Perrys for the amount of the judgment, $660, and judgment was rendered accordingly on May 25, 1912, four days after its rendition against her codefendants.

On March 7, 1913, defendants paid $200 on the judgment.

On September 2, 1918, plaintiff filed a motion for an order reviving the judgment. Notice was served on defendants and on October 21, 1918, the order of revivor was granted. On September 2, 1922, an execution was issued on the judgment, which was returned with the sheriff's entry thereon, "No goods . . . No property found to levy on in Republic county."

On February 27, 1928, plaintiffs applied for another order of revivor. This application was resisted by this appellant on the ground that the proceedings pertaining to the first revivor of the judgment on October 21, 1918, were invalid and because the execution issued pursuant thereto on September 2, 1922, was void. These objections were overruled and the order of revivor was granted May 8, 1928.

Emily Ebright Willis appeals, and her first point is that there were two judgments entered in the action in 1912, one against her codefendants on May 21, 1912, and another against herself on May 25, 1912. From this premise she argues that the subsequent proceedings to keep alive the judgment against her were ineffectual since there was no separate execution issued thereon. We think not. There were not two judgments. There was but one cause of action based upon one joint liability of defendants and but one final determination of the rights and liabilities of all the parties thereto. (R. S. 60-3101.) Those rights and liabilities were defined in one judgment, and the fact that part of that final determination was reached on May 21 and part on May 25 is of no consequence. This court has even gone so far as to declare that a single execution may issue on two wholly unrelated judgments rendered in separate actions where the parties concerned were identical. (*Dugan v. Harman,* 80 Kan. 302, 102 Pac. 465.)

A more serious question raised by appellant concerns the validity of the execution issued in 1922. It was inaccurate in several particulars. It recited that the judgment which the execution sought to satisfy was entered on October 21, 1918, which was the date of the first order of revivor, not the date of the judgment itself. It also recited that the total judgment of $660, interest and costs remained

unsatisfied when, in fact, $200 had been paid on the judgment in 1913. Appellant contends that the recitals in the writ were too inaccurate to identify the execution process with the judgment of 1912, and that the sum named in the process to be collected was so grossly excessive that its issue and the sheriff's perfunctory return thereto were insufficient to keep alive the judgment of 1912. Appellant cites respectable authorities in support of both these contentions, but the consistent attitude of this court over a long period of years has been that where there is no special reason for strict formality of procedure the existence of irregularities therein does not render void the judicial processes by which parties endeavor to maintain their rights. On this subject see the concurring opinion of Mr. Justice Mason in *Dugan v. Harman,* 80 Kan. 302, 305, 307, 102 Pac. 465.

How would the due administration of justice be furthered by a strict construction of the recitals of the execution of 1922? How is justice perverted by a liberal interpretation of that execution? Appellant has owed this debt since 1912. Aside from a payment of $200 in 1913 appellees have waited all these years to receive that which has been adjudicated in their behalf. They have endeavored in good faith to keep their judgment alive. The erroneous recital in the execution touching the date of the judgment did not mislead appellant. She knew the date quite well. It was not suggested at the proceedings below, nor here in review, that the number and caption and other means of identification provided by the files of the district court left any room for doubt that the execution process of 1922 pertained to that judgment of 1912. There is no hint anywhere that it might pertain to some other judgment between these litigants or between appellant and some other judgment creditor. In 23 C. J. 406 it is said:

"An execution should recite the date of the judgment. It is proper to recite the judgment as of the date of its rendition notwithstanding the subsequent amendment of the judgment *nunc pro tunc.* . . . By the strict rule that used to prevail a misrecital as to the term in which a judgment was rendered made the writ void. The modern rule is part and parcel of the general rule that if the judgment can be clearly identified mistakes in its recital will not vitiate the writ, that is so long as the judgment may be identified a mistake in the date of its rendition, or even an omission of the date, does not make the execution void, but such mistake or omission is a mere irregularity."

Touching the want of accuracy in the execution process as to the amount due on the judgment and its failure to show the payment of

$200 made thereon in 1913, this court declines to hold that this inaccuracy and noncompliance with the statute (R. S. 60-3406) vitiated the process. The execution was fruitless because returned *nulla bona,* but even if goods or other property of the defendants had been seized and sold under its terms the process could not have been deprived of all its validity because of the excess. The incident would merely have furnished a basis for its correction by the court on timely application of the judgment debtor. Such was the ruling in *Bogle v. Bloom,* 36 Kan. 512, 13 Pac. 793. See, also, *St. L. & S. F. Rly. Co. v. Rierson,* 38 Kan. 359, 16 Pac. 443.

The judgment is affirmed.