No. 32,765

RALPH A. BUTLER, *Appellee*, v. GEORGE RUMBECK and NANNIE RUMBECK, *Appellants*.

(56 P. 2d 80)

Opinion filed April 11, 1936.

R. B. Smith and C. M. Brobst, both of Erie, for the appellants.
George W. Donaldson, of Chanute, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This is an appeal from an order reviving a judgment.

On May 21, 1925, plaintiff recovered a judgment against the defendants. On April 15, 1930, an execution was issued on the judgment and returned unsatisfied. On July 13, 1935, plaintiff filed his motion to have the judgment revived. Proper notice was given defendants, who filed a written objection that the judgment had lapsed; that the court had no power to revive; that the court was without jurisdiction; that the judgment was barred by the statute of limitations; that no death or absence of the defendants had been shown, nor any other reason given for said revivor. On July 24, 1935, the trial court heard plaintiff's motion and defendants' objections and decreed revivor. Defendants appeal.

Defendants' principal contention is the judgment was not dormant and could only become dormant and subject to revivor where some of the parties die or are under legally disability. The contention is not good.

While the statutes with reference to revivor of judgments do not define what constitutes a dormant judgment, R. S. 60-3405, dealing with executions, provides that if execution be not sued out within five years from the date of the last judgment or the date of the last execution thereon, such judgment shall become dormant. That sec-

tion sufficiently defines what constitutes dormancy for our purposes here. R. S. 60-3221 provides:

"If a judgment become dormant it may be revived in the same manner as is prescribed for reviving actions before judgment at any time within two years after it becomes dormant."

There is no question here as to the procedure followed, only that the factual situation did not warrant a revivor because there had been no change in the situation of the judgment creditor and judgment debtors. The difficulty with this argument is that it ignores R. S. 60-3220, which provides for that situation. If defendants' argument is good, then R. S. 60-3221 is meaningless.

Prior to 1909 the limitation on time to revive was one year, instead of two years, as at present. In *Angell v. Martin,* 24 Kan. 334, the situation of the parties remained unchanged. Attempt was made to revive a judgment nineteen years after the last execution was issued. In discussing the question of time, it was said:

"A party may, by the issue of executions every five years, keep a judgment alive indefinitely. It remains in force without execution for five years, and the plaintiff may revive it at any time within one year thereafter, so that practically a plaintiff may neglect his judgment for six years, lacking a day, and then revive and put it in force for five years more." (p. 336.)

In *Smalley v. Bowling,* 64 Kan. 818, 68 Pac. 630, where there had been no change in the parties, the question was the effect of absence from the state, and it was held absence did not prevent the statute of limitations from running. In the opinion it was said:

"For nearly a quarter of a century this court has held, in substance and effect, that if for any cause a judgment becomes dormant it can only be revived within one year from the time that such revivor could first have been had, and that in cases where execution could have been lawfully issued at the instance of the plaintiff thereon, his failure to cause such execution to issue for a period of five years after its rendition would render such judgment dormant, and thereafter it must either be sued upon or revived by motion within the following or sixth year, or it would cease to be a judgment." (p. 820.)

"Thus it will be seen that this court, by a long course of decisions, has adjudicated and declared the effect of dormancy upon a judgment, and has pointed out the remedies which may be pursued within the proper time to save a debt which has become merged into a judgment." (p. 821.)

Although the facts of the above cases prevented revivors of the judgments involved, the quotations make it clear that this court has always construed the statute that the judgment creditor has had an absolute right, if he proceeded within the requisite time, to have a dormant judgment revived. The statutes with reference to revivor

provide the periods within which action must be taken to procure revivor in various cases and in effect establish statutes of limitation. Failure to proceed within these periods is fatal to a revivor. Here, however, the judgment creditor, in the time allowed therefor, proceeded properly to have his judgment revived.

The action of the trial court in reviving the judgment was correct, and its judgment is affirmed.