No. 44,337

C. A. Friesen, *Appellant*, v. Saramargret Friesen, *Appellee*.

(410 P. 2d 429)

Opinion filed March 5, 1966.

*Arthur H. Snyder,* of Hutchinson, argued the cause and was on the brief for the appellant.

*Bill R. Cole,* of Hutchinson, argued the cause, and *Abraham Weinlood, D. Stewart Oswalt, John H. Shaffer, Donald D. Barry,* and *Porter Brown,* all of Hutchinson, were with him on the brief for the appellee.

The opinion of the court was delivered by

Harman, C.: At issue here is the validity of a judgment against appellant based on child support payments.

There is no dispute as to any pertinent fact. Appellee initiated the action in 1947 by filing her petition for divorce in the district court of Reno County. Appellant as defendant appeared therein and on February 21, 1948, appellee was granted a divorce and was also awarded custody of two daughters then ten and eight years of age. Appellant was ordered to pay $40.00 per month for the support of each child. Appellant failed to make these support money payments and contempt proceedings were instituted, as a result of

which appellant paid support money through July, 1950. On August 20, 1957, appellee filed a motion in the divorce action alleging that the order of February 21, 1948, had not been complied with in that no payments thereon had been made from August 1, 1950; she asked for an order reviving all judgments for child support under the first order which had become dormant, being payments from August 1, 1950, to August 1, 1952; appellee also alleged the marriage of one of the daughters in February, 1957, and further that after due credit owing to said marriage there was due her on all judgments including the revived judgments the sum of $6,480.00, and she prayed "that a finding be made that there is due and owing and unpaid child support judgments in favor of this Plaintiff in the amount of $6,480.00 and that judgment be rendered and entered against said defendant in accordance therewith." Appellant was duly notified of the filing of this motion. On September 20, 1957, at the hearing of this motion, appellant appearing by counsel, the court entered the following findings and order:

"The court being fully advised in the premises finds that all child support payments ordered by the court from September 1, 1950 to August 1, 1952, are due and unpaid under order of the court and have become dormant and should be revived. The court further finds that the facts alleged in the motion of plaintiff are true and correct and that there is due and owing and unpaid child support payments under the order of the court in favor of the plaintiff (including revived judgments), the sum of Six thousand four hundred eighty Dollars ($6,480.00).

"Now Therefore, it is ordered, adjudged and decreed, that the plaintiff have and recover judgment for all child support payments due from September 1, 1950 to August 1, 1952, and the same be and hereby are revived.

"It Is Further ordered, adjudged and decreed that the plaintiff have and recover judgment from the defendant in the sum of Six thousand four hundred and eighty Dollars ($6,480.00) with interest at the legal rate."

No appeal was taken, no executions were issued or anything further done with respect to this judgment until October 2, 1963, at which time appellee filed her motion to revive the judgment of September 20, 1957. Appellant was again duly notified and on October 22, 1963, both parties again appearing, the trial court heard this motion and found that the judgment in the amount of $6,480.00 was due and unpaid but that said judgment had become dormant and should be revived, and the court ordered the $6,480.00 judgment revived. No appeal was taken from this judgment. Thereafter at some undisclosed time certain property belonging to appellant was sold at sheriff's sale under execution issued to enforce such

judgment and other property was levied upon pursuant thereto. On March 29, 1965, appellant filed some kind of motion not shown in the record on appeal but evidently it requested an order restraining the sheriff of Reno County from proceeding with a sale of real estate on execution upon the theory that the order of September 20, 1957, decreeing the judgment for $6,480.00 was invalid and void. The trial court denied this motion, from which order this appeal is taken.

Appellant contended in his brief that the entire order of September 20, 1957, was void, but upon oral argument before this court he concedes the trial court did have authority to revive a dormant judgment covering the period from August 1, 1950, to August 1, 1952, and that that part of the September 20, 1957, order was valid but he contends the balance of said order was void in that the court could not in this manner reduce a number of monthly judgments not yet dormant to a lump sum judgment. He also contends the purported revivor of October 22, 1963, can have no more validity than the judgment attempted to be revived.

A proceeding to enforce a judgment is collateral to the judgment, and when such proceeding is sought to be restrained on the ground of invalidity of the judgment, such effort is a collateral attack upon the judgment. Hence it is readily seen that appellant collaterally attacks so much of the judgment of September 20, 1957, against him as is in excess of the two years' support money installments. Of course, a void judgment or order is a nullity and may be collaterally attacked at any time (*In re Estate of Cornelison,* 178 Kan. 607, 290 P. 2d 1016). Conversely, when a judgment has been entered in a case and has become final, it cannot be collaterally attacked in a subsequent proceeding unless it appears the judgment is void (*McFadden v. McFadden,* 187 Kan. 398, 357 P. 2d 751).

We turn then to a consideration of the court's action of September 20, 1957. The court had jurisdiction of both of the parties. Appellant was properly notified of that hearing and he appeared therein. We are not advised of the extent of his participation and the record is silent as to any objection made. The proceeding concerned support of the minor children of the parties. The court, having dissolved the marriage, had a duty to provide for the support of the children of that marriage (Laws 1953, Chap. 278, § 1); this was a matter of continuing jurisdiction of the court (*Grunder v.*

*Grunder*, 186 Kan. 766, 352 P. 2d 1067). Appellant remained under a continuing parental obligation to provide support for his minor children, and at the particular time of the hearing we know of no reason why an independent action for support could not have been maintained against him had appellee chosen to do so (see *Effland v. Effland*, 171 Kan. 657, 237 P. 2d 380). We have no hesitation in saying the court had plenary power with respect to the support of the children of the parties who were before it, that is to say, it had jurisdiction of the subject matter of the action before it.

The judgment in question actually did two things. First, it revived certain installments for a period of two years which had become dormant. Second, it computed the amount due at the particular time, giving credit for the time elapsing since the marriage of the eldest daughter. Insofar as this crediting acted retrospectively it may have been erroneous, but it was requested by appellee and certainly resulted in no prejudice to appellant since it relieved him of a certain amount of liability and any error favored him. The entire amount of the judgment complained of was a valid and subsisting judgment on September 20, 1957, and fully enforceable as such. The total amount due which appellant had failed to pay was computed. This was a determination of the rights of the parties and constituted a judgment (G. S. 1949, 60-3101) which has never been directly attacked. We note in passing that a similar procedure was employed in *Davis v. Davis*, 145 Kan. 282, 65 P. 2d 562, albeit under somewhat different circumstances. The trial court acted in nowise in any manner forbidden by law, the order of September 20, 1957, resulted in no prejudice to appellant, who since the original decree has paid nothing for child support except under court compulsion, and under the facts and circumstances of this case we cannot say that the order was void.

We are not called upon nor do we express any opinion as to the propriety of the order if under direct attack. The ruling on the order appealed from must be affirmed.

APPROVED BY THE COURT.

FONTRON, J., not participating.