No. 45,714

Z. Mae Riney, *Appellee*, v. Earl Riney, *Appellant*.

(473 P. 2d 77)

Opinion filed July 17, 1970.

Ray H. Calihan, Jr., of Calihan, Green, Calihan and High, of Garden City, argued the cause, and Logan N. Green and Daniel J. High, of the same firm, were with him on the brief for the appellant.

Charles E. Vance, of Vance, Hobble, Neubauer, Nordling and Sharp, of Liberal, argued the cause, and Gene H. Sharp, of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: The basic question presented by this appeal is whether an order reviving past due installment payments for the support and education of the minor children of a marriage under a divorce decree is valid. The order in question purported to revive not only unpaid installments which were dormant but also installments which had not yet become dormant.

The facts are not in dispute. In 1950 Z. Mae Riney (plaintiff-appellee) obtained a divorce from her husband, Earl Riney (defendant-appellant) in the district court of Scott County, Kansas. The defendant was ordered to pay the plaintiff $80 per month child

support which he paid to and including October, 1951. Since that date no payments whatever have been made.

On the 16th day of December, 1960, the plaintiff filed a motion seeking an order "reviving the judgments entered herein during the seven year period immediately preceding the filing of the motion." Prior to that date no execution was ever issued on the unpaid child support installments. At the time the motion to revive was filed the defendant resided outside the state of Kansas and notice by publication was given informing him that the motion would be heard on the 9th day of February, 1961, or as soon thereafter as the same could be heard by the court. The defendant did not appear and the motion was subsequently heard by reason of a continuance on the 9th day of April, 1962, at which time an order was issued on the motion to revive, decreeing "that the judgments of the Plaintiff in the sum of $80.00 per month for the 7 year period immediately preceding this date be and they are hereby revived in favor of the Plaintiff and against the Defendant in the sum of $8,114.40 with interest on $6,720.00 from March 15, 1962."

No attack is made upon the correctness of the foregoing computation.

On the 24th day of July, 1968, the plaintiff filed another motion to revive. In this motion the plaintiff sought revivor of the judgment dated April 9, 1962, and all $80 monthly installments payable thereafter to the time of filing the motion. The plaintiff alleged in her motion that the amount she was claiming was $17,766, of which $12,720 are past due installments, and the balance is interest. This motion was filed pursuant to K. S. A. 60-2404.

Subsequently, on October 1, 1968, this motion was amended by adding to it, in compliance with the new code (K. S. A. 60-2404), a request that the court order immediate issuance of an execution. Notice of the filing of the amended motion was served personally on the defendant by the sheriff of the county in which he resided in the state of California.

The defendant answered and moved to set aside the 1962 order of revivor for the reasons:

"1. The motion for said revivor was served upon this defendant by publication notice; this defendant was at the time and still is a non-resident of the state of Kansas; this defendant had no knowledge of said publication notice, the same was never called to his attention and he has been unaware of the order of revivor until the same was discovered by his attorney on the 21st day of May, 1968, when he inspected the court file at the request of said defendant.

"2. The court had no jurisdiction to enter an order of revivor for the reason that the monthly judgments resulting from failure to pay the monthly installments due plaintiff for the seven (7) month (*sic*) period immediately preceding the entry of the order of revivor were not dormant but were in full force and effect."

The trial court after hearing the matter held the order of revivor made on April 9, 1962, was valid and overruled the defendant's motion. The plaintiff's motion to revive the judgment, including that portion of the indebtedness which was determined on April 9, 1962, was granted, but the order of revivor did not include installments less than five years old. The order was made effective February 27, 1969, as of the date the trial court filed its memorandum opinion with the clerk.

The defendant has duly perfected an appeal.

No complaint is made by the appellee concerning the judge's failure to include the installments due less than five years immediately preceding February 27, 1969, the date of the order. The appellee states these matters have been cured by filing a praecipe for execution.

The appellant contends it was error for the court to overrule his motion to set aside the revivor order of April 9, 1962, wherein the court attempted to revive all judgments during the seven-year period immediately preceding the date of the judgment. It is argued all monthly judgments resulting from the nonpayment of installments of child support which were less than five years old were in full force and subject to execution, and were not dormant judgments subject to revivor. (Citing G. S. 1949, 60-3405, effective at the date such order was entered.)

G. S. 1949, 60-3221 reads:

"If a judgment become dormant it may be revived in the same manner as is prescribed for reviving actions before judgment at any time within two years after it becomes dormant."

It must be conceded a dormant judgment is one defined by statute. (G. S. 1949, 60-3405, here applicable, and now K. S. A. 60-2403; and see *Butler v. Rumbeck,* 143 Kan. 708, 56 P. 2d 80.)

In this jurisdiction installment payments decreed in a divorce action for the support and education of the minor children of a marriage become final judgments as of the dates due, may be enforced and collected as are other judgments, and are barred by the statute of limitations the same as other judgments, unless they

become dormant and are revived in accordance with statutory authority. (*Andrews v. Andrews*, 171 Kan. 616, 237 P. 2d 418; *Peters v. Weber*, 175 Kan. 838, 267 P. 2d 481; and *Brieger v. Brieger*, 197 Kan. 756, 421 P. 2d 1; and cases cited in these authorities.)

The general ground for the revival of a judgment is that it has become dormant, as defined by statute, without being satisfied. Upon this premise the appellant contends the court had no jurisdiction to revive the monthly judgments covering the first five years of the seven-year period immediately preceding the order of revivor dated April 9, 1962, since all of such judgments were active and alive and subject to execution. He argues they were not dormant judgments.

While it may be conceded the monthly judgments covering the five-year period immediately preceding the order of April 9, 1962, were not dormant judgments, it does not follow that the trial court had no jurisdiction to enter the order it did.

Here the attack made upon the order of April 9, 1962, by the appellant is a collateral attack. The situation presented by the facts herein is analogous to the facts in *Friesen v. Friesen*, 196 Kan. 319, 410 P. 2d 429. There the court entered a judgment dated September 20, 1957, reviving all child support payments due under a divorce decree from September 1, 1950, to August 1, 1952, which had become dormant; but it went further and included in the total judgment which it entered in favor of the plaintiff all unpaid child support payments under the order of the court in the divorce action which were due and owing for the immediate preceding five years. No appeal was taken, no exceptions were issued or anything further done with respect to this judgment until a subsequent motion on October 2, 1963, was filed to revive the judgment of September 20, 1957. There, as here, the appellant contended in attacking such judgment that it was void to the extent that the court could not in this manner reduce a number of monthly judgments, not yet dormant, to a lump sum judgment. In the opinion the court said:

"A proceeding to enforce a judgment is collateral to the judgment, and when such proceeding is sought to be restrained on the ground of invalidity of the judgment, such effort is a collateral attack upon the judgment. Hence it is readily seen that appellant collaterally attacks so much of the judgment of September 20, 1957, against him as is in excess of the two years' support money installments. Of course, a void judgment or order is a nullity and may be collaterally attacked at any time (*In re Estate of Cornelison*, 178 Kan.

607, 290 P. 2d 1016). Conversely, when a judgment has been entered in a case and has become final, it cannot be collaterally attacked in a subsequent proceeding unless it appears the judgment is void (*McFadden v. McFadden,* 187 Kan. 398, 357 P. 2d 751).

"We turn then to a consideration of the court's action of September 20, 1957. The court had jurisdiction of both of the parties. Appellant was properly notified of that hearing and he appeared therein. We are not advised of the extent of his participation and the record is silent as to any objection made. The proceeding concerned support of the minor children of the parties. The court, having dissolved the marriage, had a duty to provide for the support of the children of that marriage (Laws 1953, Chap. 278, § 1); this was a matter of continuing jurisdiction of the court (*Grunder v. Grunder,* 186 Kan. 766, 352 P. 2d 1067.) Appellant remained under a continuing parental obligation to provide support for his minor children, and at the particular time of the hearing we know of no reason why an independent action for support could not have been maintained against him had appellee chosen to do so (see *Effland v. Effland,* 171 Kan. 657, 237 P. 2d 380). We have no hesitation in saying the court had plenary power with respect to the support of the children of the parties who were before it, that is to say, it had jurisdiction of the subject matter of the action before it.

"The judgment in question actually did two things. First, it revived certain installments for a period of two years which had become dormant. Second, it computed the amount due at the particular time, giving credit for the time elapsing since the marriage of the eldest daughter. . . . The entire amount of the judgment complained of was a valid and subsisting judgment on September 20, 1957, and fully enforceable as such. The total amount due which appellant had failed to pay was computed. This was a determination of the rights of the parties and constituted a judgment (G. S. 1949, 60-3101) which has never been directly attacked. . . . The trial court acted in nowise in any manner forbidden by law, the order of September 20, 1957, resulted in no prejudice to appellant, who since the original decree has paid nothing for child support except under court compulsion, and under the facts and circumstances of this case we cannot say that the order was void.

"We are not called upon nor do we express any opinion as to the propriety of the order if under direct attack. . . ." (pp. 321, 322.)

In all material respects we think *Friesen v. Friesen,* supra, is identical with the situation here presented and controls our decision on this point. True, in *Friesen* the motion did not seek a revivor of unpaid child support payments for the five-year period immediately preceding the order which had not become dormant, but the judgment nevertheless decreed the total of such unpaid child support payments due and entered this sum in its total judgment. Here the judgment of April 9, 1962, did not have the force and effect of reviving the unpaid child support payments for the five-year period immediately preceding the order, because they were not dormant,

but it did have the effect of including the total sum due for this period in its judgment, which did revive the unpaid child support judgments that had become dormant.

The fact the appellant here was a nonresident when the April 9, 1962, order was issued, the fact that he was served by publication notice, and the fact that he had actual notice only for the first time of the 1962 revivor motion and order on May 21, 1968, when his attorney inspected the files, is not a meritorious ground to set aside the 1962 revivor order, primarily because the support judgment was a judgment *in personam* and one concerning which the appellant was personally served, appeared and had actual knowledge. He was under a continuing obligation to support his children and apparently has failed to do so up to the present time. (*Hartz v. Fitts,* 89 Kan. 751, 132 Pac. 1187; and see 46 Am. Jur. 2d, Judgments, § 338, p. 526.)

As in *Friesen* this is a collateral attack upon the judgment of April 9, 1962, and the judgment was not void. The court had jurisdiction of both of the parties; the appellant was served by a publication notice; the proceeding concerned support of the minor children of the parties; and the court had previously dissolved the marriage and had a duty to provide for the support of the children of that marriage. This was a matter of continuing jurisdiction of the court. The appellant remained under a continuing parental obligation to provide support for his minor children.

As in *Friesen* the judgment in question actually did two things— it revived certain installments for a period of two years which had become dormant, and it computed the total amount due at the particular time the order was entered.

In cases of this nature it has been the consistent attitude of this court over a long period of years that where there is no special reason for strict formality of procedure the existence of irregularities therein does not render void the judicial process by which parties endeavor to maintain their rights. (*Korber v. Willis,* 127 Kan. 587, 274 Pac. 239.)

It is apparent the trial court is under no obligation to ascertain the total amount of past due installments under a divorce decree and render another judgment if such installments have not become dormant. (*Haynes v. Haynes,* 168 Kan. 219, 212 P. 2d 312; and *Ortiz v. Ortiz,* 180 Kan. 334, 304 P. 2d 490.) But this does not mean the trial judge cannot do so if he wishes, and having done so, unless

there appears to be a special reason to declare the court's action void, it will not be declared void. (See *Korber v. Willis,* supra.)

The appellant also maintains the entire order of revivor dated April 9, 1962, was void because no notice was given to him as provided by the statute. In this connection the appellant argues:

". . . The notice which was published referred to entirely different judgments, from those mentioned in the order of revivor of April 9, 1962, namely monthly judgments of $80.00 each covering the *7 year period immediately preceding the filing of the motion* for revivor. In other words no notice was ever given to appellant that appellee sought to revive all judgments for child support for the period of seven years immediately *preceding the order of revivor.*"

The case upon which the appellant relies for the proposition that revivor proceedings are statutory and must be strictly complied with, *Steinbach v. Murphy,* 70 Kan. 487, 78 Pac. 823, does not support the foregoing argument of the appellant. In *Steinbach* the court was concerned with the time within which a dormant judgment could be revived. In the opinion the court, speaking of G. S. 1901, § 4883, said:

"This language is peremptory. It imposes an absolute prohibition upon the granting of an order after the lapse of a year from the time when it first could have been made. The right, by the terms of its creation, can endure but a year. The time element is an essential constituent of the right. When the year has expired there is no longer any right, and the status of the case is then the same as if there were no revivor statute. Analogies from the statute of limitations are not pertinent. That statute imposes limitations upon remedies; the revivor statute conditions the right. (*Berkley v. Tootle,* 62 Kan. 701, 64 Pac. 620; *Reaves v. Long,* 63 id. 700, 66 Pac. 1030.) A party seeking its benefit must bring himself strictly within its terms." (p. 489.)

In this connection see, also, *Berkley v. Tootle,* 62 Kan. 701, 64 Pac. 620.

On the facts in this case the order of revivor did not go beyond seven years immediately preceding the date of the order. The court had no authority to revive dormant child support judgments prior to that date and it did not do so. The slight variance in the notice pursuant to the motion and the order entered could not be said to have prejudiced the appellant's rights.

The appellant next contends it was beyond the power of the court to revive the judgment of June 2, 1950, the original judgment in the divorce case.

It is argued such judgment was not a final judgment because it remained subject to modification and change by the court, and be-

cause the statute of limitations had barred all monthly judgments up to a period of seven years prior to the date of the revivor order of February 26, 1969.

K. S. A. 60-2403 provides:

"If execution shall not be sued out within five (5) years from the date of any judgment, including judgments in favor of the state or any municipality in the state, that has been or may hereafter be rendered, in any court of record in this state, *or within five (5) years from the date of any order reviving such judgment,* or if five (5) years have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, *such judgment,* including court costs and fees therein *shall become dormant,* and shall cease to operate as a lien on the estate of the judgment debtor. *When a judgment shall become dormant as herein provided, and shall so remain for a period of two (2) years,* it shall be the duty of the clerk of the court to release said judgment of record, and the clerk shall make an entry on the appearance and judgment dockets wherein the judgment appears of record, reciting, 'this judgment including all court costs and fees therewith is barred under provisions of section 60-2403 and is hereby released of record.' " (Emphasis added.)

K. S. A. 60-2404, provides in part:

"A dormant judgment may be revived and have the same force and effect as if it had not become dormant if, within two (2) years of the date on which such judgment became dormant, the holder thereof files a motion for revivor and a request for the immediate issuance of an execution thereon if such motion is granted. . . ."

The authorities heretofore cited for the proposition that installments decreed in a divorce action for the support of a minor child become final judgments as of the dates due, establish that we are not here concerned with a revivor of the judgment entered by the original divorce decree of June 2, 1950. The installments decreed for the support of the minor children became final judgments as of the dates they became due. After they became due they were no longer subject to modification. (*Brieger v. Brieger,* supra.)

Under 60-2403, *supra,* the judgment of April 9, 1962, here in question, became dormant after the expiration of five years from its entry, no execution ever having been issued thereon, but seven years had not expired when the plaintiff filed his subsequent motion to revive.

The trial court after hearing the matter, wherein the appellant was personally represented, revived the dormant judgment of April 9, 1962, and all child support installments, which had become due and ripened into final judgments subsequent thereto, but specifically excluded all installments due less than five years old. The statute of limitations did not bar these revived judgments.

The problem encountered by the appellee under G. S. 1949, 60-3221 will not be encountered under K. S. A. 60-2404 because the new statute provides that the revivor can reach back to seven years *preceding the filing of a motion for revivor* and a request for the immediate issuance of an execution thereon if such motion is granted. Furthermore, the new statute provides that upon the entry of an order of revivor the execution shall issue forthwith.

Under K. S. A. 60-2403 and 60-2404 a party may, by the issuance of executions every five years, keep a judgment alive indefinitely. The judgment remains in force without execution for five years, and the plaintiff may revive it at any time within two years if it has become dormant thereafter, so that practically a plaintiff may neglect his judgment for seven years, lacking a day, and then revive and put it in force for five years more. (See *Butler v. Rumbeck*, supra.)

The judgment of the lower court is affirmed.