NOT DESIGNATED FOR PUBLICATION

No. 120,432

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES A. VAUGHAN JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; DANIEL W. VOKINS, magistrate judge. Opinion filed November 1, 2019. Affirmed in part, reversed in part, and remanded with directions.

*James A. Vaughan Jr.*, appellant pro se.

*Stephanie B. Poyer*, of Butler and Associates, P.A., of Topeka, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and BUSER, JJ.

PER CURIAM: "The plain and unambiguous language of K.S.A. [2018] Supp. 60-2403 states that all restitution judgments not void as of July 1, 2015, continue to be enforceable forever." *State v. Dwyer*, 56 Kan. App. 2d 848, Syl. ¶ 2, 439 P.3d 338 (2019). The plain language also applies to "court costs, fees, [and] fines." K.S.A. 2018 Supp. 60-2403(b).

James A. Vaughan Jr. was sentenced for his seventh driving under the influence (DUI) in April 2010. He was ordered to pay various fines and fees as a result of his conviction. Several years passed and a collection agency sought to garnish his prison

1

inmate account. Among other things, Vaughan argued the judgment was void because of the lengthy delay between the judgment and the first collection efforts.

The district court held that the judgment against Vaughn was not void. We agree. But the district court failed to address whether all or a portion of Vaughn's inmate account was entitled to an exemption from garnishment under state law. So we must remand to the district court for further consideration.

FACTUAL AND PROCEDURAL HISTORY

On April 21, 2010, Vaughan was sentenced for his seventh driving under the influence conviction. As part of his sentence, and under a plea agreement with the State, Vaughan was ordered to pay court costs, fines, and fees.

In January 2018, while in prison on unrelated charges, Vaughan moved to dismiss his fines, costs, and fee assessments. He argued that the judgment against him was dormant and void due to the amount of time between his sentence and the State's collection efforts. The district court denied Vaughan's motion in March 2018.

In April 2018, the collection firm Butler & Associates requested, and the district court granted, a garnishment of nonwages to collect the court costs, fines, and fees from Vaughan's inmate account. Vaughan responded by filing motions to transport to court for a hearing, a motion to appoint counsel, and yet another motion to dismiss his court costs, fines, and fee assessments.

The district court denied Vaughan's motions without hearing oral argument. The district court affirmed the garnishment against Vaughan's inmate account. Vaughan asked the district court to reconsider his motion to dismiss. In September 2018, before the

2

district court ruled on Vaughan's motion to reconsider, he filed his notice of appeal. The district court denied Vaughan's motion to reconsider in October 2018.

ANALYSIS

*The judgment against Vaughan was not dormant or void.*

Vaughan's first three arguments on appeal relate to the district court's finding that the judgment for fines, fees, and costs for his DUI case was not dormant and void. Whether the judgment against Vaughn was dormant requires interpretation of K.S.A. 2018 Supp. 60-2403(b). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015). We have already decided this exact issue against Vaughn. *State v. Vaughan*, No. 119,610, 2019 WL 1575358, at *2 (Kan. App. 2019) (unpublished opinion) (judgment against Vaughan would never become dormant or void because of the application of amendment that was made to K.S.A. 60-2403[b] in 2015), *petition for rev. filed* May 6, 2019. Although that case involved fines and fees on his sixth DUI conviction, he raised the same issues he raises here regarding dormancy. We fully incorporate this court's reasoning in *Vaughn* and find that his claim of error related to dormancy fails for the reasons set forth in that case.

*The 2015 amendment to K.S.A. 60-2403(b) did not violate the plea agreement between Vaughan and the State.*

Vaughan next argues that the 2015 amendment to K.S.A. 60-2403(b) (judgments for court costs, fees, fines, or restitution which were not void as of July 2015 will never become dormant or void) violates his plea agreement with the State. His argument seems to rely on the general rule that the "penalty for a criminal offense is the penalty provided

3

by statute at the time of the commission of the offense." *State v. Sylva*, 248 Kan. 118, Syl. ¶ 4, 804 P.2d 967 (1991).

But the actual collection of Vaughan's fines, costs, or restitution is a civil matter. See K.S.A. 22-3801(a). There is no indication that the actual fines and court costs to which the parties agreed in the plea agreement changed as a result of any legislative action. The only change that occurred here is what the State needed to do to revive a dormant judgment. There was no guarantee in the plea agreement that the State would forgo its statutory ability to renew or revive the judgment to prevent it from going dormant in the first place. The plea agreement dealt only with the assessment of fines, fees, and costs—not their future collection. Because nothing in the plea agreement guarantees the future dormancy of the judgment for fines, fees, and costs, the 2015 amendment did not violate the plea agreement.

*Vaughan's attempt to challenge the sentence imposed in his underlying conviction in this garnishment proceeding fails.*

Vaughan's next argument relies on his assertion that the district court needed to consider whether Vaughan was able to pay the fine or whether some other payment option, such as community service, was more appropriate.

The DUI statute in effect at the time of Vaughan's conviction stated that instead of payment of an imposed fine, "the court may order that the person perform community service specified by the court." K.S.A. 2009 Supp. 8-1567(j). The sentencing court in this case was required to consider, on the record, Vaughan's financial resources when determining whether he should pay the monetary fine or complete community service. See K.S.A. 21-4607(3) (now K.S.A. 2018 Supp. 21-6612[c]); *State v. Copes*, 290 Kan. 209, Syl. ¶ 8, 224 P.3d 571 (2010). The defendant can certainly waive his statutory rights regarding consideration of the method of payment if such a waiver is set out on the record

or in the plea agreement. There was no such waiver in Vaughn's plea agreement. See 290 Kan. at 217-18 (knowing, voluntary, and intelligent waiver, of statutory rights may be accomplished through the provisions of a plea agreement). But Vaughn's claim fails for several reasons.

First, Vaughn is, in essence, challenging the underlying debt or order of the court to pay court costs. That judgment of conviction and sentence is final. Vaughn did not appeal. Vaughn cannot attack the underlying judgment through a garnishment proceeding unless he can establish that the judgment is void. See *Riney v. Riney*, 205 Kan. 671, Syl. ¶ 4, 473 P.2d 77 (1970) ("A judgment which has been entered in a case and which has become final cannot be collaterally attacked in a subsequent proceeding unless it appears that the judgment is void."). We have already found that the underlying judgment for fines and costs is not void due to the passage of time. *Vaughn*, 2019 WL 1575358, at *2. And Vaughn makes no claim on appeal that the judgment is *void* due to a claimed failure to comply with K.S.A. 2009 Supp. 8-1567(j), K.S.A. 21-4607(3)—now K.S.A. 2018 Supp. 21-6612(c), and *Copes*, 290 Kan. 209, Syl. ¶ 8. So even if we assume that the court erred in not considering his financial resources, "'[a] judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Ford v. Willits*, 9 Kan. App. 2d 735, 744, 688 P.2d 1230 (1984), *aff'd* 237 Kan. 13, 697 P.2d 834 (1985).

Although Vaughn asserts he was denied due process of law because the court failed to consider his financial resources and the method of payment, he does not claim that the court denied him an opportunity to present information concerning his financial circumstances. See *State v. Wilkinson*, 269 Kan. 603, 608, 9 P.3d 1 (2000) (basic elements of procedural due process are notice and an opportunity to be heard at a meaningful time and in a meaningful manner). In fact, the court noted on the sentencing journal entry that it had considered Vaughn's financial resources at least as they related to

5

reimbursement of BIDS fees. Again, a judgment is not void merely because it is erroneous. *Ford*, 9 Kan. App. 2d at 744.

Second, Vaughn did not raise noncompliance with K.S.A. 2009 Supp. 8-1567(j); K.S.A. 21-4607(3); or *Copes*, 290 Kan. 209, Syl. ¶ 8, in his initial filings before the district court. He did not raise it as an issue until his motion to reconsider after Judge Vokins' order denying him relief was filed. A motion to reconsider is not a place to raise new issues or obtain a second chance to present a stronger case. See *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."); *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) ("Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination. A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider."). Accordingly, he abandoned his claim by not raising it his initial motions before the district court.

Finally, based on the record here, we cannot determine whether the district court considered the method of payment. Vaughan provides no citation to the record to support his assertion that the district court did not consider whether community service would be more appropriate and no transcript of the sentencing hearing on April 21, 2010, is included in the record on appeal. The party asserting error bears the burden to designate facts in the record to support his claim; without such a record, the claim of error fails. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013).

*The district court ruled on all of Vaughn's motions except one, and that one must be remanded for consideration.*

Vaughan's final argument on appeal is that the district court erred because it did not address each of his motions. Throughout the pendency of this case, Vaughan raised several issues with the district court. On appeal he specifically mentions the following, which are set out and, in some cases, grouped and abbreviated below.

1. *Motions generally asserting that the judgment against him was void.*

Vaughan contends that the district court ignored his reply memorandum regarding whether the garnishment order was void. But just because the district court ruled against Vaughan does not mean the court ignored the arguments he was making. These issues were addressed by the district court and we have addressed them here as well.

2. *Motion asserting Vaughan was indigent and that he should be able to file his appeal* in forma pauperis.

The district court considered this motion and found that Vaughan was indigent and ordered that he could docket his appeal *in forma pauperis*.

3. *Motion requesting transport to hearing and the ability to speak on his own behalf.*

The district court ruled on this issue by finding that oral argument by the parties would not materially aid the court in reaching its decision; therefore, no hearing took place. Without a hearing there was no need to transport Vaughan. His arguments were considered through his written materials and denied. Again, just because the district court

ruled against Vaughan does not mean the court ignored the arguments. In cancelling the hearing that had been scheduled at Vaughn's request, the magistrate judge cited Supreme Court Rule 133(c) (2018 Kan. S. Ct. R. 199-200), which requires a court to grant a timely request for a hearing on any motion unless the court states in its ruling that "oral argument would not aid the court materially." Whether the district court was correct in denying Vaughn a hearing is addressed below.

### 4. *Appointment of counsel*

The district court denied Vaughan's motion for counsel, noting that the case was civil because it involved the collection of court costs, fees, and fines. Then the district court mistakenly appointed Vaughan appellate counsel. The court corrected the mistake with an order to set aside its previous appointment of appellate counsel and at the same time denied Vaughan's request for counsel. Vaughan had no right to appointed counsel because this case was purely a civil collection matter. See *In re Care & Treatment of Lowry*, 48 Kan. App. 2d 773, 788, 304 P.3d 696 (2012) (holding no constitutional right to counsel in civil proceedings). The court considered this motion and properly ruled on it.

### 5. *Vaughan's motion for reconsideration*

Vaughan points out that he filed a motion for reconsideration which addressed several issues he believed the district court failed to address. While Vaughn's notice of appeal from the original decision was timely—because it was filed while a timely motion for reconsideration was pending—he failed to file a notice of appeal from the denial of his motion for reconsideration. Because Vaughn did not file a separate notice of appeal identifying the district court's ruling on the motion for reconsideration, we lack jurisdiction to review that ruling. See *Ponds v. State*, 56 Kan. App. 2d 743, 754, 437 P.3d 85 (2019). Accordingly, we will not address Vaughn's arguments related to issues raised in the motion for reconsideration and the district court's denial of that motion.

8

The remainder of Vaughan's brief raises sweeping issues that the district court failed to follow proper procedure and law. But after reviewing the record, we find that the district court acted correctly, except as outlined below. And when mistakes were made, such as the appointment of counsel, the error was corrected.

### 6. Due process violation because of lack of notice

Vaughan argues his due process rights were violated because he was not provided notice of the garnishment. The basic requirement of due process is the opportunity to be heard in a meaningful manner and at a meaningful time. *Wilkinson*, 269 Kan. at 608. A debtor who is being garnished is entitled to notice "[i]mmediately following the time the order of garnishment is served on the garnishee, [and] the party seeking the garnishment shall send a notice to the judgment debtor in any reasonable manner, notifying the judgment debtor." K.S.A. 2018 Supp. 60-735(a).

Butler & Associates requested a garnishment on Vaughan's prison account on April 23, 2018, and the garnishment was ordered a day later. The record does not show that a notice was sent to Vaughan regarding the garnishment. So we must assume that the statute was not followed. But due process violations are generally subject to a harmless error analysis. *In re Henderson*, 306 Kan. 62, 77, 392 P.3d 56 (2017). And Vaughn fails to articulate any tangible resulting harm from the lack of proper notice. He was aware of the attempt to garnish his inmate account, even before the garnishment was ordered. For example, he filed motions referencing Butler & Associates' attempt to garnish his account as early as January 2018.

The required notice under the statute serves as a way to inform the debtor of his or her rights with respect to the garnishment. For example, the judgment debtor receives notice that he or she may "assert any claim of exemption allowed under the law." K.S.A. 2018 Supp. 60-735(a)(2). Vaughn was aware of his right to assert exemptions and

challenge the garnishment, because he did so. But he was not provided with a hearing on the matter as required by K.S.A. 2018 Supp. 60-735(b). That will be addressed next.

### 7. *Assertion of exemption from garnishment*

Vaughan does raise one issue that it appears the district court failed to address. In his reply motion, Vaughan argues that some of the money garnished from his account were the proceeds from a life insurance policy payout and were exempt from garnishment.

K.S.A. 2018 Supp. 60-735 outlines the procedure for requesting a hearing on an exemption claim:

"(b) If the judgment debtor requests a hearing to assert any claim of exemption, the request shall be filed no later than 14 days following the date the notice is served on the judgment debtor. If a hearing is requested, the hearing shall be held by the court no sooner than seven days nor later than 14 days after the request is filed. . . .

"(c) If a hearing is held, the judgment debtor shall have the burden of proof to show that some or all of the property subject to the garnishment is exempt, and the court shall enter an order determining the exemption and such other order or orders as is appropriate."

The district court did not "enter an order determining the exemption." K.S.A. 2018 Supp. 60-735(c).

Vaughan also relies on the exemption language in K.S.A. 60-2313, which states:

"(a) Except to the extent otherwise provided by law, every person residing in this state shall have exempt from seizure and sale upon any attachment, execution or other process issued from any court in this state:

10

(1) Any pension, annuity, retirement, disability, death or other benefit exempt from process pursuant to K.S.A. 12-111a, 12-5005, 13-1246a, 13-14,102, 13-14a10, 14-10a10, 20-2618, 72-1768, 72-5526, 74-4923, 74-4978g, 74-49,105 or 74-49,106, and amendments thereto." K.S.A. 60-2313(a)(1).

This court addressed the same issue in Vaughan's earlier appeal. There the court relied on *Leaf Funding, Inc. v. Simmons Medical Clinic*, 54 Kan. App. 2d 387, Syl. ¶ 1, 398 P.3d 866 (2017), which held that the exemptions listed in K.S.A. 60-2313(a)(1) were limited to benefits received under the statutes specified in that subsection.

"The statutes listed in subsection (a)(1) include (1) benefits available to Kansas police and fire department employees, (2) benefits for Kansas public utilities or municipalities employees, (3) benefits for judges and court reporters, (4) benefits under school supplemental retirement programs or the State School Retirement System, and (5) benefits under the Kansas Public Employees Retirement System. 54 Kan. App. 2d at 390." *Vaughan*, 2019 WL 1575358, at *5.

But funds from private insurance benefits are not exempt from garnishment. *Leaf Funding, Inc.*, 54 Kan. App. 2d 387, Syl. ¶ 2.

As in Vaughan's earlier appeal, there is still an unresolved issue of whether the proceeds in Vaughan's prison account are exempt. See *Vaughan*, 2019 WL 1575358, at *5. This requires factual findings by the district court. It is unclear whether Butler & Associates is challenging Vaughn's assertion of an exemption. Although it is not required to file a reply, it did not do so here. See K.S.A. 2018 Supp. 60-738(a) (judgment creditor "may file a reply disputing any statement in the answer of the garnishee"). Accordingly, as we did in Vaughn's prior case, we must remand to the district court for further proceedings in strict compliance with K.S.A. 2018 Supp. 60-735(b) and (c) and K.S.A. 60-2313. See *Vaughn*, 2019 WL 1575358, at *5.

Affirmed in part, reversed in part, and remanded for further proceedings on Vaughan's exemption claim.