*In re* CHARLES A. GROVES, *Petitioner.*
No. 17,025.

CONTEMPT—*Noncompliance with Order in Divorce Suit—Jurisdiction—Financial Ability of Accused to Comply with Order —Imprisonment for Costs.* A defendant in a divorce suit who was ordered to pay a sum each month for the support of his minor child was adjudged guilty of contempt for neglect to comply with the order, and sentenced to jail for thirty days and until the order was complied with and the costs paid. In a habeas corpus proceeding in this court it was said:

(*a*) The district court had jurisdiction to enforce its order by attachment.

(*b*) The general finding against the accused was a sufficient finding as to his financial ability, special findings not having been requested and the evidence not being presented to this court.

(*c*) Whether there was authority to imprison for failure to pay costs, the petitioner could not be discharged until he complied with the order to pay installments; and probably the authority to require the payment of costs is incidental to the power to punish for contempt in such a case.

Original proceeding in habeas corpus. Opinion filed July 9, 1910. Petitioner remanded.

*D. E. Henderson,* for the petitioner.
*W. L. Sayers,* for the respondent.

*Per Curiam:* The petitioner was committed to jail by an order of the district court for contempt, and seeks release from such imprisonment. In an action against him for divorce, wherein he was personally served

with summons, the petitioner was adjudged to pay the sum of $16.66 per month for the support of his minor child. He neglected to comply with this order. After several payments had become due an attachment was issued against him. When arrested and brought before the court an accusation was presented and an answer filed, and he was regularly tried, found to be in contempt, and sentenced to confinement in jail for thirty days and until he should comply with the order of the court by making the specified payments.

The petitioner contends that the court had no jurisdiction to enforce its order by attachment. In this he is mistaken. (Code 1909, §§ 669-673; *Scott v. Scott,* 80 Kan. 489.)

He also insists that because there is no special finding of his financial ability the order can not be upheld. The general finding against him upon the issues tried upon the accusation, the answer and the evidence is sufficient. He did not ask for findings of fact, and he does not present the evidence. We must therefore presume that it was sufficient.

He further contends that there is no authority to imprison for failure to pay the costs. If this were true he still could not be discharged, for he has not complied with the order requiring him to pay the installments due. It is probable, however, that the authority to require the payment of costs is incidental to the power to punish for contempt in such a case. It has been so held in proceedings supplementary to execution. (*In re Burrows, Petitioner,* 33 Kan. 675.)

Having considered the three specifications upon which the discharge is asked and found them insufficient, the petitioner is remanded to the custody of the sheriff of Graham county.