No. 44,771

Max L. Campbell, *Appellant*, v. Ralph L. Campbell, Individually, and as President, Treasurer and Director of Hydro-Flex Corporation, Inc., and Hydro-Flex Corporation, Inc., a Kansas Corporation, *Appellees.*

(422 P. 2d 941)

Opinion filed January 21, 1967.

*Harvey D. Ashworth,* and *Ward D. Martin,* both of Topeka, argued the cause, and *A. Harry Crane, Arthur L. Claussen, John R. Hamilton,* and *Donald D. Barry,* all of Topeka, were with them on the brief for the appellant.

*J. A. Dickinson,* of Topeka, argued the cause, and *Sam A. Crow, Ralph E. Skoog,* and *Bill G. Honeyman,* all of Topeka, were with him on the brief for the appellees.

The opinion of the court was delivered by

Harman, C.: This is a proceeding in civil contempt brought to enforce the judgment which is the subject of the appeal in case No. 44,750, *Campbell v. Campbell,* 198 Kan. 181, 422 P. 2d 932.

That judgment was rendered against the defendant Ralph L. Campbell on October 29, 1965. Ralph appealed to this court but in doing so did not file a supersedeas bond. On November 12, 1965, the plaintiff Max L. Campbell filed a motion for citation in contempt alleging that Ralph had violated the judgment in several particulars. The trial court heard evidence and on December 28, 1965, found that Ralph had not complied with the judgment

rendered against him and was thereby guilty of indirect contempt of court but the court imposed no punishment.

On January 5, 1966, Max again filed a motion for citation in contempt against Ralph. Various other pleadings were filed, including an answer by Ralph, and on February 18, 1966, the trial court heard evidence offered by Max. On February 23, 1966, the trial court made its ruling. In essence it reexamined its judgment of October 29, 1965, and concluded that Ralph was not guilty of contempt. Max has appealed from that ruling.

The factual background of this litigation is reported in case No. 44,750, *Campbell v. Campbell*, ante.

Although there were others, the principal items urged by Max as constituting contempt by Ralph were that Ralph has not offered for sale to the other stockholders the additional shares of stock of the Hydro-Flex Corporation purchased by him, and that on November 5, 1965, at the annual stockholders' meeting of the corporation he voted these shares adversely to Max's interest in the corporation. Other contemptuous conduct alleged on the part of Ralph related to Ralph's management of the Hydro-Flex Corporation.

Although the trial court in its October 29, 1965, judgment made findings of fact favorable to Max on the basis of his continuing business relationship with his brother Ralph, the decretal part of that judgment was based on the court's interpretation of the corporate by-laws. The court declared that Ralph holds in constructive trust all of the additional shares of stock purchased by him, and it ordered Ralph to offer the disputed shares for sale through the corporation secretary to Max and the other shareholders on a pro rata basis as provided by the corporate by-laws. It is this directory part of the judgment with which we are concerned.

In the principal controversy in case No. 44,750 we have now substantially modified that judgment with directions to the trial court. More specifically, we have held that the trial court misinterpreted the by-laws and therefore had no authority to order an offer of sale of stock through the corporate secretary. It follows then this contempt proceeding based on that former judgment necessarily falls and must be dismissed.

A proceeding in civil contempt is remedial in nature designed to advance the private right of a litigant won by court order. Any penalty inflicted is intended to be coercive; the party in contempt

can only be relieved by compliance with the order (see *Hendrix v. Consolidated Van Lines, Inc.*, 176 Kan. 101, 269 P. 2d 435).

To illustrate how a holding of contempt by this court in the case at bar would be academic and ineffectual for any other purpose, and why there can be no other result, we cannot order Ralph committed to jail there to remain until he complies with an order since changed. In civil contempt the penalty inflicted is by way of execution of the court's order, necessarily prospective in application, and is not primarily punitive as in criminal contempt.

The rule that this court will not consider and decide a question when it appears that any judgment it might render would be unavailing has been applied frequently and under varying circumstances (see 1 Hatcher's Kansas Digest, rev. ed., Appeal & Error, §§ 387-389; 2 West's Kansas Digest, Appeal & Error, §§ 781, 790).

Inasmuch as the principal appeal in this bitter controversy must go back to the trial court for adjustment of the rights and equities between the parties, it perhaps should be emphasized that nothing herein is to be taken in diminution of the inherent power of the district court to punish for contempt and to make such reasonable orders as are necessary to preserve and protect its judgment if a litigant maintains a position at variance with that judgment.

The appeal is dismissed.

APPROVED BY THE COURT.