No. 58,223

SHIRLEY J. CRUMPACKER, *Appellee*, v. JOHN K. CRUMPACKER,
*Appellant*.

(718 P.2d 295)

Opinion filed
May 2, 1986.

*Robert F. Stover*, of McPherson, argued the cause and was on the brief for appellant.

*Robert L. Marietta*, of Marietta, Kellogg & Price, of Salina, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

MILLER, J.: May contempt proceedings be used to enforce the payment of past due installments of court-ordered child support after the children have reached majority? That is the principal issue presented in this appeal.

The plaintiff, Shirley J. Crumpacker, and the defendant, John K. Crumpacker, were divorced in 1969. John was required to pay child support. The parties had a farming and dairy operation. The land and the bulk of the income producing assets were awarded to John, and Shirley was given a money judgment which was paid a few months after the divorce. John conveyed part of his land to his parents and another part to his second wife, Virginia. He continues to carry on the farming and dairy operation, doing business in the name of his second wife, and she has title to all of the assets.

Child support payments were continually in arrears. Various attempts were made to enforce the judgment and finally, in 1974, the trial court found John in contempt; that action produced a substantial payment. Problems continued, and a substantial arrearage existed when the youngest child became eighteen years of age and reached majority on May 15, 1984. The older son is completing his college work at Kansas State University and has been accepted in a medical school; the younger son is a student at Salina Vo-Tech.

Plaintiff commenced contempt proceedings in November 1984 in an effort to enforce the arrearage. The trial court found John to be in willful disobedience to the court's order, and thus in indirect civil contempt. The court held that the contempt power to enforce court-ordered child support continues even though both children have reached majority. The trial court ordered the defendant to submit a payment plan by March 15, 1985, and the court deferred the imposition of sanctions. On April 8, 1985, the trial court sentenced the defendant to jail, but suspended the sentence subject to defendant making payment of a specific sum on or before June 1 and December 1 of each year thereafter until the entire arrearage in child support and interest was paid in full. It is from these orders that defendant appeals.

Plaintiff contends that the present appeal was not perfected in a timely manner and should be dismissed. The notices of appeal were timely filed following the issuance of the trial court's orders. We have jurisdiction of the appeal. The order for transcript was not filed within ten days of the filing of the notice of appeal as is required by Supreme Court Rule 3.03 (235 Kan. lxiii), nor was the brief served and filed within the time fixed by Supreme Court Rule 6.01 (235 Kan. lxviii). That matter was called to the attention of the Court of Appeals, and it issued an order to show cause to which the defendant responded. He then filed his brief within the time fixed by the court. The defendant's failure to comply strictly with the rules of appellate procedure is not jurisdictional and under the circumstances does not bar the appeal. We proceed to consider it on the merits.

The primary issue raised by the defendant is whether contempt proceedings may be used to enforce past-due child support arrearages after the children have reached majority. The discussion and the cases cited in 27B C.J.S., Divorce § 321(6), 24 Am. Jur. 2d, Divorce and Separation § 1063, and the annotation in 32 A.L.R.3d 888, indicate that there is an almost even split of authority. Some courts hold that jurisdiction is lost to enforce support by contempt proceedings after the child attains majority; other courts hold that the arrearages may be enforced by contempt proceedings after majority. According to the A.L.R. annotation, as supplemented by the 1985 pocket parts, seven states do not allow post-majority use of contempt, eight states do allow it, and the courts of appeal of another state have gone both ways.

The statutes of the various states differ and it would not clarify this opinion to quote from the opinions of our sister states. The cases are cited in the annotation on the subject.

Our divorce statutes have long contained statutory authority for trial courts to order child support during the minority of children. See K.S.A. 1985 Supp. 60-1610(a) and the many predecessor statutes. Court orders for child support are enforceable by proceedings in indirect contempt. See *Johnson v. Johnson*, 148 Kan. 682, 685-86, 84 P.2d 888 (1938); *Barton v. Barton*, 99 Kan. 727, 163 Pac. 179 (1917); *In re Groves*, 83 Kan. 238, 109 Pac. 1087 (1910); and K.S.A. 20-1204a.

There is nothing in our divorce code or in our contempt statutes indicating that the contempt power of a district court to enforce its support orders terminates upon the child's reaching majority. We note that support for a former spouse may be enforced by contempt proceedings, and in that instance majority is not a factor. Throughout our history, support for children has been a major consideration in domestic relations cases.

Our legislature in 1985 enacted a fifty-page bill relating to the enforcement of support obligations, L. 1985, ch. 115. That act provides for the enforcement of support obligations through civil and criminal proceedings, as well as through contempt, and adds income withholding and the establishment of liens as further methods of enforcement. Nothing in that act indicates that past-due installments of child support may not be collected by contempt proceedings after the child reaches majority. We hold that our trial courts do not lose jurisdiction to enforce child support orders by contempt upon the majority of the child. The trial court did not err in using its contempt powers in this case.

Defendant next contends that acceptance by the plaintiff of one or more support checks containing the statement "paid in full" constitutes an accord and satisfaction. We find this argument unconvincing. Accord and satisfaction has application only where there is an unliquidated or disputed claim. *Amino Brothers Co., Inc. v. Twin Caney Watershed District*, 206 Kan. 68, 72, 476 P.2d 228 (1970). Here, the debt was liquidated and undisputed and cannot be the subject of an accord and satisfaction. Further, the simple endorsing of a check "paid in full" by the person writing the check—in this case, defendant's present

wife, Virginia—cannot supersede or change a court order for the payment of fixed periodic sums of child support.

Defendant also contends that the trial court erred in its computation in the amount of child support due, and in the amount of accrued interest. We have reviewed the trial court's computation of the principal amount due and find it correct. Both parties agree that the trial court used the wrong interest rate for some years, and that the interest should be recalculated at the statutory rate.

The judgment of the trial court is affirmed, excepting that portion of the judgment stating the interest due. The case is remanded to the trial court for the recomputation of interest.