No. 65,400

GOLDIE ANABELL CYR, *Appellee/Cross-Appellant*, v. DARRELL DEAN CYR, *Appellant/Cross-Appellee*.

(815 P.2d 97)

Opinion filed July 12, 1991.

*Charles F. Harris,* of Kaplan, McMillan and Harris, of Wichita, argued the cause and was on the briefs for appellant.

*Megan L. Campbell,* of Wichita, argued the cause, and *Gary H. Jarchow,* court trustee, of Wichita, was on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: This is a post-divorce action by Goldie Cyr to enforce child support and alimony judgments. The appellant, Darrell Cyr, contends the judgments are void due to the passage of time.

The facts are not in dispute. Goldie and Darrell Cyr were divorced in 1964. Goldie was granted custody of the children and Darrell was ordered to pay $35 a week, commencing April 13, 1964, for child support, and $2,500 in alimony, at $25 a month, beginning April 27, 1964. The court order to pay alimony expired in July 1972.

The last execution to collect past due child support was issued on July 22, 1974, and there have been no other executions, formal hearings in aid of execution, or wage withholding proceedings.

On March 6, 1979, and January 24, 1980, Goldie filed accusations and affidavits of contempt against Darrell for failure to pay support. A hearing was held and on September 22, 1980, the district court determined Darrell was $2,550 in arrears on the alimony judgment and $14,653.74 in arrears on the child support payments and entered judgment thereon from which no appeal was taken. Darrell was ordered to make $25 weekly payments on the $17,203.74 arrearage.

On May 2, 1981, the Cyrs' youngest child reached majority. Goldie Cyr filed a third motion for contempt against Darrell for failure to pay support on July 1, 1981. Thereafter, on November 20, 1981, Goldie's motion for contempt was withdrawn upon Darrell's agreement to pay $100 a month on the arrearage to be determined by the court order. On November 3, 1982, the parties announced a settlement to the court in which Darrell acknowledged an arrearage of $16,375.74 together with $6,667.59 in accrued interest. The court ordered that those sums constituted a judgment against the defendant. No appeal was taken from this order. On rehearing, on November 18, 1982, the court vacated the November 3, 1982, order and reaffirmed the judgment of September 22, 1980.

On March 1, 1983, Goldie filed an accusation and affidavit in contempt against Darrell for failure to pay $100 a month on the arrearage as ordered November 20, 1981. Goldie withdrew the motion for contempt upon Darrell's agreement to pay $100 a month until the November 20, 1981, order was brought up to date. Darrell failed to make the payments, however, and was found guilty of indirect contempt for nonpayment of support on April 13, 1987. He was sentenced to 30 days in jail but placed on probation upon agreement to pay arrearage of $13,015.46 plus interest. Goldie was granted judgment against Darrell in the amount of $13,015.46, on April 13, 1987. No appeal was taken from this order.

Darrell failed to make the $100 payments and Goldie subsequently filed a motion to revoke probation. A hearing officer found the April 13, 1987, order to pay $100 a month was res judicata on the issues of child support and alimony, and, in addition, constituted a new judgment. Upon appeal of the hearing officer's report, the district court determined there could be no new judgment after May 2, 1981, for past due child support and no new judgment for past due alimony after July 1972, and, therefore, the arrearage amount determined by the court on April 13, 1987, did not constitute a new judgment. The district court further ruled that Goldie's accusations in contempt did not constitute executions pursuant to K.S.A. 60-2401 or garnishment or income withholding proceedings pursuant to K.S.A. 1990 Supp. 60-2403 but were proceedings in aid of execution pursuant to 60-2403,

thereby keeping alive the judgments for past due support. Goldie and Darrell each appealed the district court ruling to the Court of Appeals, which in an unpublished opinion filed December 28, 1990, affirmed the trial court finding that the contempt actions kept the judgments for past due support alive under 60-2403 but disagreed with the trial court's finding that the April 13, 1987, calculation is not a new judgment. Darrell sought and was granted review by this court.

The first issue we address is whether an accusation in contempt for failure to comply with an order to pay child support and alimony is a proceeding in aid of execution pursuant to K.S.A. 1990 Supp. 60-2403.

K.S.A. 1990 Supp. 60-2403(a) provides in part:

"If a renewal affidavit is not filed or if execution, including any garnishment proceeding, income withholding proceeding or proceeding in aid of execution, is not issued, within five years from the date of the entry of any judgment, . . . the judgment . . . shall become dormant."

A dormant judgment may be revived within two years of its dormancy if the judgment creditor files a motion for revivor and files a request for the immediate issuance of an execution thereon. K.S.A. 1990 Supp. 60-2404. Once a judgment grows dormant, however, and is not revived pursuant to K.S.A. 1990 Supp. 60-2404, it becomes absolutely extinguished and unenforceable. *Long v. Brooks*, 6 Kan. App. 2d 963, 966, 636 P.2d 242 (1981).

Darrell Cyr alleges Goldie Cyr's contempt accusations did not keep alive the support judgments because the contempt proceedings were not proceedings in aid of execution. He contends the purpose of a contempt proceeding is to force compliance with a court order, whereas the purpose of a proceeding in aid of execution is to supply information to aid in collecting a money judgment. Thus, he asserts the alimony judgment became dormant in July 1984 and was extinguished two years later, and the child support judgments became void in May 1988, seven years after the youngest child reached majority.

Goldie Cyr contends the September 1980 arrearage judgment did not become dormant because the purpose of the numerous contempt proceedings was to give effect to the previous and past due support orders of the district court. Therefore, Goldie asserts, the contempt proceedings constituted proceedings in aid of ex-

ecution within the meaning of K.S.A. 1990 Supp. 60-2403 and K.S.A. 1990 Supp. 60-2419.

Interpretation of a statute is a question of law and it is a function of this court to interpret a statute to give it the effect intended by the legislature. *NCAA v. Kansas Dept. of Revenue,* 245 Kan. 553, 557, 781 P.2d 726 (1989). The fundamental rule of statutory construction, to which all others are subordinate, is that the intent of the legislature governs. *Watkins v. Hartsock,* 245 Kan. 756, 759, 783 P.2d 1293 (1989). In determining legislative intent, we are not limited to consideration of the language used in the statute, but may look at the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. *In re Petition of City of Moran,* 238 Kan. 513, 520, 713 P.2d 451 (1986); *Jackson v. City of Kansas City,* 235 Kan. 278, 319, 680 P.2d 877 (1984).

K.S.A. 1990 Supp. 60-2403(a) states that a judgment becomes dormant after five years if a renewal affidavit is not filed or if an execution, "including any garnishment proceeding, income withholding proceeding or proceeding in aid of execution," is not issued. *Fleming v. Etherington,* 227 Kan. 795, 798, 610 P.2d 592 (1980).

K.S.A. 1990 Supp. 60-2419 establishes the procedure of a proceeding in aid of execution. Under the statute, a judgment creditor is entitled to a court order requiring the judgment debtor to appear before the judge or hearing officer and answer concerning his property whenever an execution against the judgment debtor has been returned unsatisfied. Any judgment debtor who fails to appear before the court as ordered shall be held guilty of contempt. K.S.A. 1990 Supp. 60-2419. The purpose of the proceeding in aid of execution is remedial in that it assists the judgment creditor in obtaining satisfaction of a prior judgment. *Fleming v. Etherington,* 227 Kan. at 798; *Threadgill v. Beard,* 225 Kan. 296, 302, 590 P.2d 1021 (1979).

Civil contempt is the failure to do something ordered by the court for the benefit or advantage of another party to the proceeding. *Edmiston v. First Nat'l Bank of Holcomb,* 242 Kan. 13, 15, 744 P.2d 829 (1987). A proceeding in civil contempt is remedial in nature, designed to advance the private right of a

litigant won by court order. *Campbell v. Campbell,* 198 Kan. 192, 193, 422 P.2d 941 (1967). Any penalty inflicted for contempt, however, is intended to be coercive and relief can be achieved only by compliance with the order. 198 Kan. 193-94; *Hendrix v. Consolidated Van Lines, Inc.,* 176 Kan. 101, 109, 269 P.2d 435 (1954). The power to punish for contempt of court does not arise from legislative action, but is inherent in the court itself. *Pork Motel, Corp. v. Kansas Dept. of Health & Environment,* 234 Kan. 374, 390, 673 P.2d 1126 (1983). The procedure for holding a party in indirect contempt, however, is set forth by statute and must be strictly construed against the movant. K.S.A. 20-1204a; *Edmiston v. First Nat'l Bank of Holcomb,* 242 Kan. at 16.

This court has long held that court orders for child support are enforceable by proceedings in indirect contempt. *Johnson v. Johnson,* 148 Kan. 682, 685-86, 84 P.2d 888 (1938); *Barton v. Barton,* 99 Kan. 727, 729-30, 163 Pac. 179 (1917); *In re Groves,* 83 Kan. 238, 239, 109 Pac. 1087 (1910). In *Crumpacker v. Crumpacker,* 239 Kan. 183, 185, 718 P.2d 295 (1986), we recognized that the 1985 legislative enactment of Senate Bill 51, relating to the enforcement of support obligations, provided for the enforcement of support obligations through civil and criminal proceedings, including contempt, income withholding, and the establishment of liens. Thus, we determined past-due installments of child support could be collected by contempt proceedings even following the child's attainment of majority. 239 Kan. at 185.

In 1985, the legislature amended 60-2403 to include income withholding proceedings as a form of execution in which to keep support judgments alive. L. 1985, ch. 115, § 54. At that time and at no time since the 1985 amendment has the legislature undertaken to explicitly include contempt proceedings as a specific proceeding designated to keep judgments from becoming dormant. L. 1988, ch. 218, § 2; L. 1990, ch. 207, § 2. The failure to explicitly include contempt proceedings within the dormancy statute is indicative of a legislative intent to require more to keep a judgment alive.

We also recognize, however, that in certain instances words, phrases, or clauses must be omitted or inserted in a statute to give effect to the legislature's intention. *Lakeside Village Improvement Dist. v. Jefferson County,* 237 Kan. 106, 114, 697

P.2d 1286 (1985). The primary purpose of Senate Bill 51, which amended 60-2403 to include income withholding proceedings as a form of execution to keep judgments alive, was to provide aid in the enforcement and collection of child support judgments. See Note, Kansas Enacts New Provisions For Child Support Enforcement—Mandatory Wage Withholding, 25 Washburn L. J., 91, 105 (1985).

Contempt proceedings are a regularly utilized and approved method of enforcing child support judgments. *Crumpacker*, 239 Kan. at 185. The purpose of a contempt proceeding is to force compliance with a court order. The purpose of an execution, garnishment, income withholding proceeding, and, proceeding in aid of execution is the same, that is, to collect on a favorable money judgment. Thus, a contempt proceeding to enforce support orders has the same remedial purpose as those proceedings specifically designated in K.S.A. 1990 Supp. 60-2403. Nevertheless, execution of a judgment and the revivor thereof are creatures of statute. Citations for contempt of court are not one of those proceedings enumerated in the statute for keeping a judgment alive; therefore, it cannot have such effect.

Although we do not agree with the district court that a contempt proceeding constitutes a proceeding in aid of execution, we uphold the conclusion of the lower court that the past due support judgments are alive. Where the district court reaches the correct result based upon the wrong reason, this court will affirm the district court. *Collins v. Heavener Properties, Inc.*, 245 Kan. 623, 633, 783 P.2d 883 (1989).

As previously stated, the district court granted judgment for the arrearage in child support and alimony September 22, 1980. No appeal was taken from the judgment. On November 3, 1982, the district court awarded judgment to Goldie Cyr for the arrearage plus interest. No appeal was taken from this order. On April 13, 1987, Goldie was awarded judgment against Darrell in the amount of $13,015.46. No appeal was taken from this judgment. The judgments were awarded following hearings wherein both parties were represented by counsel with the exception of the April 13, 1987, hearing at which Darrell appeared pro se.

In *Friesen v. Friesen*, 196 Kan. 319, 410 P.2d 429 (1966), we considered a similar situation. Therein, the appellant sought to avoid payment of a prior support judgment that was subsequently

revived. We held appellant's efforts to avoid enforcement of the judgment constituted a collateral attack on the judgment which was prohibited unless the judgment was found void. Since the prior judgment was held valid, appellant's attack on the order to pay past due child support was set aside. 196 Kan. at 321-22. See *Riney v. Riney*, 205 Kan. 671, 677, 473 P.2d 77 (1970).

The judgments in this case were rendered by a court which had jurisdiction over the parties and subject matter of the action. Both parties were present and represented by counsel at the proceedings wherein judgment was granted to Goldie, and at no time was an appeal taken from any of the judgments. Thus, upon finding the judgment rendered on April 13, 1987, to be valid, it cannot be collaterally attacked. Darrell's argument that the five-year statute of limitations on judgments prevents enforcement is without merit. Upon this conclusion, Goldie Cyr is entitled to the issuance of an execution to enforce the judgment of April 13, 1987.

The judgments of the Court of Appeals and the district court are affirmed.