Robert B. Davenport, Director Kansas Bureau of Investigation 1620 Tyler Topeka, Kansas 66612-1837
Dear Director Davenport:
You request our opinion regarding the limitations on expenditures from the state special asset forfeiture fund as set forth in K.S.A. 65-4173(d). Specifically you inquire whether the statute precludes expending money in the fund to supplement salaries and fringe benefits of drug enforcement agents when federal grant money is insufficient to cover amounts previously paid for by grant money.
K.S.A. 65-4173(d) provides in pertinent part:
 "There is hereby established in the state treasury the state special asset forfeiture fund to be administered by the attorney general. All proceeds or money obtained pursuant to this section by the Kansas bureau of investigation, Kansas highway patrol or Kansas department of corrections shall be credited to this fund. Such proceeds or money may be expended by the agency originating the forfeiture to defray the costs of protracted or complex investigations, to provide additional technical equipment or expertise, to provide matching funds to obtain federal grants or for such other law enforcement purposes as the attorney general deems appropriate but shall not be considered a source of revenue to meet normal operating expenses. . . ." (Emphasis added).
We believe the underscored language is ambiguous and therefore subject to statutory construction rules. The statute does not say that money in the fund "shall not be used to pay" normal operating expenses, it says that money in the fund "shall not be considered a source of revenue" to meet such expenses. Further, the costs of protracted or complex investigations, of providing technical expertise, and to provide match money, clearly allowable expenditures, may necessarily involve payment of salaries and normal operating expenses. Thus, the statute's meaning is not clear on its face. The fundamental rule of statutory construction, to which all others are subordinate, is that the intent of the legislature governs. Bank IV Wichita v. Plein, 250 Kan. 701, 705
(1992); Cyr v. Cyr, 249 Kan. 94, 98 (1991). In determining legislative intent, the courts are not limited to consideration of language used in the statute, but may look to historical background of the statute, circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under various constructions suggested.Steele v. City of Wichita, 250 Kan. 524, 529 (1992).
K.S.A. 65-4173(d) is part of the statutory procedure for disposition of property and money obtained through forfeiture under K.S.A. 65-4135 or65-4156. Those statutes authorize forfeiture of various items and money associated with the commission of a drug offense. The general purpose behind the forfeiture statutes in general and creation of the state special asset forfeiture fund in particular was to provide a mechanism whereby the law enforcement agency which incurred costs in bringing the drug offender to justice would recoup those costs, and to make available additional money to be used to continue fighting the war against drugs. In this way the offenders would be funding the effort to eliminate the problem which they in part caused. See Report on Kansas Legislative Interim Studies to the 1988 Legislature, Proposal No. 17, 235 (1988).
The specific language used in K.S.A. 65-4173(d) was modeled after K.S.A. 65-4173(c) dealing with the special law enforcement trust fund for local units of government. (As originally enacted, K.S.A. 65-4173 did not create a special fund for proceeds or money obtained by state law enforcement agencies, the money going instead to the state general fund. L. 1988, ch. 258, sec. 6.) Nowhere in the interim committee report or standing committee minutes on the original legislation, or committee minutes on the bill which added subsection (d) [L. 1990, ch. 232, sec. 3], is there any discussion of prohibiting expenditure of money in such funds to supplement the salaries and fringe benefits of drug agents. Rather, the comments referred to prohibiting use of the funds to supplant appropriations for the law enforcement agency's operating budget; in other words, the money in the fund was to supplement the operating budget for drug enforcement purposes, not take the place of money the agency would normally get through the appropriation process. See Report, supra at 238; Minutes, House Committee on Judiciary, February 26, 1987, Attachment I; Minutes, Senate Committee on Judiciary, February 9, 1988, with Attachments; Minutes, Senate Committee on Judiciary, February 22, 1990, Attachment II and March 13, 1990, Attachment II. See also K.S.A. 65-4175.
Prohibiting expenditures from the fund to supplement drug enforcement agents' salaries and benefits previously funded by federal grant money could severely curtail the law enforcement agency's drug enforcement activities. This would be directly contrary to the stated purpose of the forfeiture statutes and the special fund.
Because interpreting K.S.A. 65-4173(d) to prohibit expenditures from the state special asset forfeiture fund to supplement previously grant funded salaries and fringe benefits of drug law enforcement agents could potentially defeat the purpose of the fund and the forfeiture statutes in general, and because the intent of the legislature as gleaned from the legislative history was to require the fund to supplement rather than supplant state appropriations for the law enforcement agency's operating budget, it is our opinion that K.S.A. 65-4173(d) does not preclude expenditures from the state special asset forfeiture fund for payment of salaries and fringe benefits of drug agents, as long as the fund is not used to supplant state appropriations for the law enforcement agency's operating budget.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:jlm