Estel L. Landreth, D.D.S., President Kansas Board of Dental Examiners 3601 S.W. 29th, S-134 Topeka, Kansas 66614-2062
Dear Dr. Landreth:
As president of the Kansas board of dental examiners you inquire about the qualifications for licensure without examination pursuant to K.S.A.65-1434. Specifically, you inquire whether the five year active practice requirement must immediately precede the application.
K.S.A. 65-1434 authorizes the board to issue a license without an examination to a dentist or dental hygienist licensed in another state provided the applicant meets the qualifications and experience requirements of subsection (b). The active practice requirement found in subsection (b)(3) states in pertinent part:
 "(3) Each applicant for licensure as a dentist under this section shall have held a license to practice dentistry in one or more other states of the United States for the five-year period immediately preceding the date of application and shall have engaged in the active practice of dentistry for at least five years prior to the date of application. Each applicant for licensure as a dental hygienist under this section shall have held a license to practice dental hygiene in another state of the United States for the three-year period immediately preceding the date of application and shall have engaged in the active practice of dental hygiene for at least three years prior to the date of application. Successive and continuous periods of active practice in other states will comply with the active practice requirements of this paragraph (3)."
Although the subsection clearly requires a dentist to have been licensed in another state for "the five year period immediatelypreceding the date of application," the statute does not contain similar language before the active practice requirement. The statute is for this reason ambiguous or subject to more than one interpretation.
The interpretation of a statute is a question of law wherein the court's function is to interpret the statute to give it the effect intended by the legislature. Cyr v. Cyr, 249 Kan. 94 (1991). If the intent can be ascertained from the statute, that purpose and intent governs. We may, in construing a statute, determine legislative intent from the general consideration of the entire act. McGranahan v.McGough, 249 Kan. 328 (1991). In determining legislative intent a statute's historical background and the objective sought to be obtained are also relevant. Hughes v. Insland Container Corp., 247 Kan. 407
(1990).
In order to determine whether the legislature intended that the requisite active practice immediately precede the date of application we look to the act as a whole, its historical inception and its objective. We find guidance in the statutory language found in subsection (b)(4), dealing with the continuing education requirement. It supports the board's current and historical interpretation of the active practice requirement. Subsection (b)(4) states:
 "(4) Each such applicant shall show evidence that the applicant has fully complied with all continuing education requirements imposed by the state or states in which the applicant has been licensed and has practiced during the five years immediately preceding the date of the application."
While the language of subsection (b)(3) may be ambiguous, subsection (b)(4) clearly evidences a legislative intent to require an applicant to be licensed and have practiced during the five years immediatelypreceding the date of application. Similar language appears in subsection (b)(6) requiring the applicant provide a certificate regarding disciplinary actions from "the state in which the applicant has been licensed and has practiced during the required period preceding the date of the application." (Emphasis added).
Legislative history also supports the board's interpretation. The statute allowing licensure without examination was originally passed in 1943 and required the applicant to hold a license:
 "[F]rom a similar dental board under equal requirements to those of this state, and who for five consecutive years immediately prior to the filing of his application has been in a legal and reputable practice of dentistry in a state, territory or district of the United States, and who furnishes such other evidence of his qualifications and lawful practice as the board may deem necessary to require." L. 1943, ch. 221, sec. 18.
While ordinarily there is a presumption that a change in the language of a statute results from a legislative purpose to change its effect, this presumption is weak when the legislature, as in this case, adopts a general revision of the law. Board of Education of U.S.D. 512 v. VicRegnier Builders, Inc., 231 Kan. 731, 736 (1982) citing ConfinementSpecialists, Inc. v. Schlatter, 6 Kan. App. 2d 1, rev. denied 229 Kan. 669
(1981); Hauserman v. Clay County, 89 Kan. 555 (1913). See L. 1943, ch. 221, sec. 18 and L. 1983, ch. 209, sec. 5.
As a matter of legislative policy the dental board is charged with protecting the public against the unqualified practice of dentistry by those who are not qualified by training or experience. See K.S.A. 65-1434, subsection (b)(4) (referring to statute's purpose of protection of the people of Kansas). The board has historically interpreted the statutory provision in question broadly so that its public purpose may be fully carried out. See State ex rel. Stephan v. Kansas Racing Com'n,246 Kan. 708, 719 (1990). Such interpretation requires licensure immediately preceding the application, and active practice for five years immediately preceding the application for licensure. In our judgment the board's interpretation is entitled to deference because it is consistent with the act as a whole and with the statute's inception.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Guen Easley Assistant Attorney General
RTS:JLM:GE:jm