The Honorable Sandy Praeger State Senator, Second District State Capitol, Room 128-S Topeka, Kansas 66612-1504
Dear Senator Praeger:
As senator for the second district you inquire whether an unlicensed individual may perform any component part of a prophylaxis without violating K.S.A. 1994 Supp. 65-1423(h).
K.S.A. 1994 Supp. 65-1423 subsection (h) makes the dental act inapplicable to dental services provided by unlicensed individuals under the supervision and in the office of a licensed dentist so long as the unlicensed individuals do not perform the following:
 "(1) Any and all removal of or addition to the hard or soft tissue of the oral cavity.
 "(2) any and all diagnosis of or prescription for treatment for disease, pain, deformity, deficiency, injury or physical condition of the human teeth or jaws, or adjacent structure.
 "(3) any and all correction of malformation of teeth or of the jaws.
 "(4) any and all administration of general or local anaesthesia of any nature in connection with a dental operation.
"(5) a prophylaxis."
The statutory language clearly prohibits an unlicensed person such as a dental assistant from performing any of the five dental procedures, including a prophylaxis. At issue is what constitutes component parts of a prophylaxis which only licensed individuals may perform. Neither the statute nor the dental practice act, K.S.A. 65-1421 et seq., define a prophylaxis, making the term ambiguous or subject to interpretation.
The interpretation of a statute is a question of law wherein the court's function is to interpret the statute to give it the effect intended by the legislature. Cyr v. Cyr, 249 Kan. 94 (1991). The interpretation is facilitated by rules of construction unless their application is inconsistent with the legislature's intent or repugnant within the statute's context. Of assistance to our question about prophylaxis is a statutory rule of construction that addresses the use of technical terms: "Words and phrases shall be construed according to the context and the approved usage of the language, but technical words and phrases, and other words and phrases that have acquired a peculiar and appropriate meaning in law, shall be construed according to their peculiar and appropriate meanings." K.S.A. 1994 Supp. 77-201, second.
The term prophylaxis is a technical term used in a statute regulating dentistry and in accordance with the rule of construction is to be construed as a term of art in the profession. It is defined by one leading dental authority as:
 "[A] routine dental prophylaxis performed on transitional dentition or permanent dentition. Includes scaling and polishing procedure performed on dental patients in normal or good periodontal health to remove coronal plaque, calculus and stains. Since pockets are absent in a completely normal periodontium, scaling and polishing are performed on the anatomic or clinical crowns and into very shallow, healthy sulci." American Dental Association, Current Dental Terminology, 1st ed. (1991).
See also the American Academy of Periodontology, Glossary ofPeriodontal Terms (3rd ed., 1992); American Academy of Periodontology Current Procedural Terminology for Periodontics
(5th ed. 1986); Zwemer, T.J. Boucher's Clincial DentalTerminology: A Glossary of Accepted Terms in all Disciplines ofDentistry (4th ed. 1982).
It is clear from the definition of prophylaxis found in these references that the term has a commonly accepted definition in dentistry. Words used in a statute peculiar to a trade and having a commonly accepted definition within that trade are to be interpreted as having that meaning. Flour Mills of America v.Burrus Mills, Inc., 174 Kan. 709, 716 (1953), citing O'Hara v.Luckenbach S.S. Co., 269 U.S. 364, 46 S.Ct. 157, 70 L.Ed. 313, 316
(1926).
Using a commonly accepted definition in dentistry to define prophylaxis is consistent with the legislative intent of the statute. The legislature intended to prohibit unlicensed individuals from performing these procedures because the procedures that constitute a prophylaxis require the training, education and experience found in those licensed to perform them.See K.A.R. 71-3-3 (authorizing dental hygienists to give fluoride treatments as a prophylactic measure.) The practice of a licensed dental hygienist involves educational, preventive and therapeutic procedures that include the scaling and polishing of the crown surfaces, K.S.A. 65-1456. The prohibition is thus intended to protect the public by assuring that only licensed individuals perform dental operations that require appropriate training and experience. In our judgment it is inconsistent with both the statutory language and its clear legislative intent to interpret the statute to allow those not licensed to perform any part of procedures or dental operations reserved by the legislature to those licensed to perform them.
We understand that concluding that unlicensed individuals may not perform any component part of a prophylaxis does not establish exactly what dental operations are prohibited. We have interpreted the statutory language to give it a reasonable construction that fully implements the legislature's intent. Statutory language designed to protect the public must be construed in light of legislative intent and broadly enough so that its public purpose may be fully implemented. State ex rel.Stephan v. Kansas Racing Comm'n, 246 Kan. 708, 719 (1990); 73 Am.Jur.2d, Statutes, sec. 159 (1974). Thus, without action by the legislature to amend K.S.A. 65-1423(h)(5) to specifically include or exclude certain dental measures in the term, it is our opinion that only those licensed by the dental act may perform the dental operations involved in a prophylaxis as the term is commonly accepted by recognized dental authorities.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm