Mr. Laurence A. Taylor Thomas County Attorney 1480 West 4th, P.O. Box 509 Colby, Kansas, 67701
Dear Mr. Taylor:
You have requested our opinion regarding the Kansas Safety Belt Use Act, K.S.A. 8-2501 et seq. Specifically, you inquire whether a four-wheel drive vehicle would be considered a "vehicle constructed with special features for occasional off-road operation" as set out in K.S.A. 8-2502, thus exempting operators of such vehicles from compliance with the mandatory language of K.S.A. 8-2503.
The Safety Belt Use Act provides that it shall be mandatory for the driver and any passenger located in the front seat of a "passenger car" to engage their seat belts before the vehicle is in operation, and to wear them at all times when the vehicle is being operated on the streets, roads or highways of the state of Kansas. Minutes, Committee on Transportation and Utilities, February 13, 1986, att. 1. The Act is primarily intended to educate adults and minors concerning the benefits of using their safety belts at all times while operating a vehicle. It was designed to increase occupant safety, thereby reducing the severity of injuries resulting from automobile accidents.
The bill specifically addresses operators of "passenger cars" and does not subject operators of vehicles on a truck chassis or with "special features for occasional off-road operation" to the same regulation. The term "passenger car" is defined as "a motor vehicle with motive power designed for carrying 10 passengers or fewer. . . ." K.S.A. 8-2502. Four wheel drive vehicles arguably fit within both categories. Therefore, because an ambiguity exists, we must look to legislative intent. In determining legislative intent, courts are not limited to consideration of language used in a statute, but may also look to the historical background of the enactment, circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under various constructions suggested. Cyr v. Cyr, 249 Kan. 94 (1991). When the statute is viewed with an eye toward the purpose for which it was enacted, it is apparent that placing such vehicles within the exception would frustrate the overriding protective nature of the statute.
Legislative history surrounding the Safety Belt Use Act does not reveal a specific discussion of the pertinent language. However, it is a fundamental rule of statutory construction that, if possible, legislative intent is to be ascertained from the language of the statute when the words are sufficient in and of themselves to convey the legislative purpose. LincolnAm. Corp. v. Victory Life Ins. Co., 375 F. Supp. 112
(D.C. Kan. 1974). The statutory language shall be construed according to its context, and approved usage while giving technical phrases the particular and appropriate meaning they have acquired in a legal framework. K.S.A. 1996 Supp. 77-201 Second. Therefore, we may assume the legislature intended "vehicle" to have the particular and appropriate meaning it has acquired pursuant to K.S.A. 1996 Supp. 8-126(a), as amended by L. 1997, Ch. 119, § 1:
 "`Vehicle' means every device in, upon or by which any person is or may be transported or drawn upon a public highway excepting devices moved by human power or used extensively upon stationary rails or tracks."
A four-wheel drive vehicle, while having advantages in off-road operation, has as its primary purpose passenger transportation pursuant to K.S.A. 1996 Supp. 8-126(a). A four-wheel drive vehicle is equipped with special features to allow for proper handling during inclement weather or on unimproved roads with an ancillary purpose of off-road operation. It would frustrate the intent of the statute to allow this supplementary purpose to dictate the regulation of such vehicles by suggesting that manufacturers or purchasers of four-wheel drive vehicles install or purchase these vehicles principally for occasional off-road operation. These vehicles, therefore, qualify as passenger vehicles, requiring the operator and all front seat occupants to engage their safety restraints in compliance with K.S.A. 8-2503. This interpretation is evident when coupled with the statute's objective of occupant crash protection.
Our conclusion draws further support from an analysis of key references employed by the Legislature in drafting the Safety Belt Use Act. Legislative history indicates that in framing the Act, the Kansas Legislature referred to Chapter 49 of the Code of Federal Regulations for guidance. That regulation states in relevant part that all passenger cars, multipurpose passenger vehicles, trucks and buses shall, at each front board seating position, be manufactured with a protection system (i.e. seat belt assembly) to provide protection to occupants in the event of an accident. 49 C.F.R. § 571.208 (1996). The legislature intended for this provision of the code to provide the field of application which would be subject to regulation under K.S.A 8-2503. Thus, the types of vehicles specified within 49 C.F.R. § 571.208 as being required to be manufactured with a seat belt are the same types of vehicles in which operators are expected to engage their safety restraint, pursuant to K.S.A. 8-2503, when operating such vehicles on Kansas roads and highways. Therefore, it is our opinion that operators of four-wheel drive vehicles, as operators of multipurpose passenger vehicles pursuant to 49 C.F.R. § 571.208, are required under Kansas law to have a seat belt properly fastened about their body at all times while the vehicle is in motion.
Finally, we are of the opinion that the term "special features," as it is used in K.S.A. 8-2502, is linked directly to the phrase "occasional off-road operation." Thus, whatever the "special features" consist of, they are installed on the vehicle solely for the purpose of allowing or assisting in off-road operation. This is not the case with four-wheel drive vehicles, as those vehicles are equipped with "special features" principally to allow for better operation during inclement weather or on faulty roads. There are a variety of vehicles where some form of four-wheel drive is its only opposing feature when compared with sister vehicles with a two-wheel drive train. Consequently, it does not logically follow that by inserting the exception, the legislature intended to provide separate treatment for four-wheel drive vehicles concerning seat belt usage.
In conclusion, it is our opinion that operators of four-wheel drive vehicles fall outside of the parameters of the exception eliminating mandatory seat belt use for operators of vehicles equipped with "special features" for occasional off-road use. Thus, drivers and front seat occupants of four-wheel drive vehicles shall comply with K.S.A. 8-2502, and fasten a safety belt around their body at all times when the vehicle is in motion.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm